# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------------X

SKULL VALLEY BAND OF GOSHUTE INDIANS
OF UTAH, a federally recognized Native American Tribe;
BOSTON MORTGAGE INVESTMENTS XIII, LLC, a
Skull Valley Band of Goshutes' Tribal Limited Liability
Company; BOSTON MORTGAGE INVESTMENTS XVI,
LLC, a Skull Valley Band of Goshutes' Tribal Limited      Index No. _____
Liability Company; CRISPIN KOEHLER HOLDING III, LLC,
a Skull Valley Band of Goshutes' Tribal Limited Liability
Company; ESOPUS MORTGAGES, LLC, a Skull Valley
Band of Goshutes' Tribal Limited Liability Company;       Purchase Date:_____
FANCHER MORTGAGES, LLC, a Skull Valley Band of
Goshutes' Tribal Limited Liability Company; HILER
MORTGAGES, LLC, a Skull Valley Band of Goshutes'
Tribal Limited Liability Company; KISMET MORTGAGES,      **SUMMONS**
LLC, a Skull Valley Band of Goshutes' Tribal Limited Liability
Company; LANSING MORTGAGES, LLC, a Skull Valley
Band of Goshutes' Tribal Limited Liability Company;
REMSEN MORTGAGES, LLC, a Skull Valley Band of           Plaintiffs designate New York
Goshutes' Tribal Limited Liability Company; SALEM       County as place of trial.
MORTGAGES, LLC, a Skull Valley Band of Goshutes'
Tribal Limited Liability Company; THORNWOOD
MORTGAGES, LLC, a Skull Valley Band of Goshutes'
Tribal Limited Liability Company; UPTON MORTGAGES,
LLC, a Skull Valley Band of Goshutes' Tribal Limited
Liability Company; VERNON MORTGAGES, LLC, a Skull
Valley Band of Goshutes' Tribal Limited Liability Company;
WINDHAM MORTGAGES, LLC, a Skull Valley Band of
Goshutes' Tribal Limited Liability Company; XEBEC
MORTGAGES, LLC, a Skull Valley Band of Goshutes'
Tribal Limited Liability Company; and YORKSHIRE
MORTGAGES, LLC, a Skull Valley Band of Goshutes'
Tribal Limited Liability Company,

                    Plaintiffs,

        -against-

U.S. BANK NATIONAL ASSOCIATION,

                    Defendant.
------------------------------------------------------------------------X

**TO THE ABOVE NAMED DEFENDANT:**

**YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve a copy of your answer, or, if the Complaint is not served with this Summons, to serve a notice of appearance, upon the Plaintiffs' attorney within twenty (20) days after the service of this Summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this Summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Venue is proper in New York County pursuant to CPLR §§ 503 (a) and (b) because Plaintiffs designate New York County as the place of trial for this action, Defendant is a resident of New York County, and Defendant maintains offices and regularly conducts business in New York County.

Dated: New York, New York
      January 28, 2020

Respectfully submitted,

| **WELTZ KAKOS GERBI WOLINETZ VOLYNSKY LLP** | **SICHENZIA ROSS FERENCE LLP** |
|---|---|
| By: /s/Irwin Weltz | By: /s/Michael H. Ference |
|     Irwin Weltz |     Michael H. Ference |
|     Thomas Scot Wolinetz |     A.R. John Hitchings |
|     Robert B. Volynsky | 1185 Ave. of Americas, 37th Fl. |
| 34 Willis Avenue, Suite 106 | New York, NY 10036 |
| Mineola, New York  11501 | Tel. 212-930-9700 |
| Tel. 516-506-0561 | mference@srf.law |
| Irwin@Weltz.law | |

COUNSEL FOR PLAINTIFFS

*SKULL VALLEY BAND OF GOSHUTE INDIANS OF UTAH, a federally recognized Native American Tribe; BOSTON MORTGAGE INVESTMENTS XIII, LLC, a Skull Valley Band of Goshutes' Tribal Limited Liability Company; BOSTON MORTGAGE INVESTMENTS XVI, LLC, a Skull Valley Band of Goshutes' Tribal Limited Liability Company; CRISPIN KOEHLER HOLDING, III LLC, a Skull Valley Band of Goshutes' Tribal Limited Liability Company;*

2

*ESOPUS MORTGAGES, LLC, a Skull Valley Band of Goshutes' Tribal Limited Liability Company; FANCHER MORTGAGES, LLC, a Skull Valley Band of Goshutes' Tribal Limited Liability Company; HILER MORTGAGES, LLC, a Skull Valley Band of Goshutes' Tribal Limited Liability Company; KISMET MORTGAGES, LLC, a Skull Valley Band of Goshutes' Tribal Limited Liability Company; LANSING MORTGAGES, LLC, a Skull Valley Band of Goshutes' Tribal Limited Liability Company; REMSEN MORTGAGES, LLC, a Skull Valley Band of Goshutes' Tribal Limited Liability Company; SALEM MORTGAGES, LLC, a Skull Valley Band of Goshutes' Tribal Limited Liability Company; THORNWOOD MORTGAGES, LLC, a Skull Valley Band of Goshutes' Tribal Limited Liability Company; UPTON MORTGAGES, LLC, a Skull Valley Band of Goshutes' Tribal Limited Liability Company; VERNON MORTGAGES, LLC, a Skull Valley Band of Goshutes' Tribal Limited Liability Company; WINDHAM MORTGAGES, LLC, a Skull Valley Band of Goshutes' Tribal Limited Liability Company; XEBEC MORTGAGES, LLC, a Skull Valley Band of Goshutes' Tribal Limited Liability Company; and YORKSHIRE MORTGAGES, LLC, a Skull Valley Band of Goshutes' Tribal Limited Liability Company.*

3

Case 1:20-cv-01704   Document 1-1   Filed 02/26/20   Page 5 of 50

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------------X

SKULL VALLEY BAND OF GOSHUTE INDIANS
OF UTAH, a federally recognized Native American Tribe;
BOSTON MORTGAGE INVESTMENTS XIII, LLC, a
Skull Valley Band of Goshutes' Tribal Limited Liability
Company; BOSTON MORTGAGE INVESTMENTS XVI,
LLC, a Skull Valley Band of Goshutes' Tribal Limited          Index No. _____
Liability Company; CRISPIN KOEHLER HOLDING III, LLC,
a Skull Valley Band of Goshutes' Tribal Limited Liability
Company; ESOPUS MORTGAGES, LLC, a Skull Valley
Band of Goshutes' Tribal Limited Liability Company;          **COMPLAINT**
FANCHER MORTGAGES, LLC, a Skull Valley Band of
Goshutes' Tribal Limited Liability Company; HILER
MORTGAGES, LLC, a Skull Valley Band of Goshutes'
Tribal Limited Liability Company; KISMET MORTGAGES,
LLC, a Skull Valley Band of Goshutes' Tribal Limited Liability
Company; LANSING MORTGAGES, LLC, a Skull Valley
Band of Goshutes' Tribal Limited Liability Company;
REMSEN MORTGAGES, LLC, a Skull Valley Band of
Goshutes' Tribal Limited Liability Company; SALEM
MORTGAGES, LLC, a Skull Valley Band of Goshutes'
Tribal Limited Liability Company; THORNWOOD
MORTGAGES, LLC, a Skull Valley Band of Goshutes'
Tribal Limited Liability Company; UPTON MORTGAGES,
LLC, a Skull Valley Band of Goshutes' Tribal Limited
Liability Company; VERNON MORTGAGES, LLC, a Skull
Valley Band of Goshutes' Tribal Limited Liability Company;
WINDHAM MORTGAGES, LLC, a Skull Valley Band of
Goshutes' Tribal Limited Liability Company; XEBEC
MORTGAGES, LLC, a Skull Valley Band of Goshutes'
Tribal Limited Liability Company; and YORKSHIRE
MORTGAGES, LLC, a Skull Valley Band of Goshutes'
Tribal Limited Liability Company,

        Plaintiffs,

    -against-

U.S. BANK NATIONAL ASSOCIATION,

        Defendant.
------------------------------------------------------------------------X

Plaintiffs SKULL VALLEY BAND OF GOSHUTE INDIANS OF UTAH, a federally recognized Native American Tribe (the "Skull Valley Band of Goshutes"); BOSTON MORTGAGE INVESTMENTS XIII, LLC, a Skull Valley Band of Goshutes' Tribal Limited Liability Company; BOSTON MORTGAGE INVESTMENTS XVI, LLC, a Skull Valley Band of Goshutes' Tribal Limited Liability Company; CRISPIN KOEHLER HOLDING, III LLC, a Skull Valley Band of Goshutes' Tribal Limited Liability Company; ESOPUS MORTGAGES, LLC, a Skull Valley Band of Goshutes' Tribal Limited Liability Company; FANCHER MORTGAGES, LLC, a Skull Valley Band of Goshutes' Tribal Limited Liability Company; HILER MORTGAGES, LLC, a Skull Valley Band of Goshutes' Tribal Limited Liability Company; KISMET MORTGAGES, LLC, a Skull Valley Band of Goshutes' Tribal Limited Liability Company; LANSING MORTGAGES, LLC, a Skull Valley Band of Goshutes' Tribal Limited Liability Company; REMSEN MORTGAGES, LLC, a Skull Valley Band of Goshutes' Tribal Limited Liability Company; SALEM MORTGAGES, LLC, a Skull Valley Band of Goshutes' Tribal Limited Liability Company; THORNWOOD MORTGAGES, LLC, a Skull Valley Band of Goshutes' Tribal Limited Liability Company; UPTON MORTGAGES, LLC, a Skull Valley Band of Goshutes' Tribal Limited Liability Company; VERNON MORTGAGES, LLC, a Skull Valley Band of Goshutes' Tribal Limited Liability Company; WINDHAM MORTGAGES, LLC, a Skull Valley Band of Goshutes' Tribal Limited Liability Company; XEBEC MORTGAGES, LLC, a Skull Valley Band of Goshutes' Tribal Limited Liability Company; and YORKSHIRE MORTGAGES, LLC, a Skull Valley Band of Goshutes' Tribal Limited Liability Company; (collectively the "Goshute LLC Plaintiffs" and with Skull Valley Band of Goshutes, the "Plaintiffs"), by and through their undersigned counsel, as and for their Complaint against Defendant U.S. Bank National Association, allege as follows:

## **NATURE OF THE ACTION**

1.      This action arises out of Defendant's theft of in excess of $50 million from the Skull Valley Band of Goshute Indians of Utah, a federally recognized Native American Tribe, and its wholly owned tribal entities.

2.      Defendant has been the Trustee of certain Trusts and Plaintiffs are the residual holders and beneficiaries of such Trusts.  The Trusts were formed over 15 years ago and consisted of pooled mortgage-backed securities.

3.      Defendant terminated the Trusts, purchased the trust assets at below market value and re-sold them at significantly higher market prices, reaping a substantial profit.  That profit should have gone to the residual holders and beneficiaries of the Trusts, *i.e.*, the Plaintiffs, but Defendant instead wrongfully retained the profits for itself.

4.      Plaintiffs are suing for Defendant's breaches of the relevant governing agreements, and its breaches of non-waivable duties imposed by applicable law.  While Defendant had the right to terminate the Trusts, it had no right to engage in such self-dealing at the expense of the residual holders and beneficiaries.

5.      Not surprisingly, in two recent decisions involving virtually identical facts, the First Department rejected this same Defendant's argument that it could steal funds belonging to the residual holders and beneficiaries in such a manner.  See NMC Residual Ownership L.L.C. v. U.S. Bank N.A., 153 A.D.3d 284 (1st Dept. 2017) ("The trust documents do not give the trustee [U.S. Bank National Association] the express right to purchase trust assets for its own financial benefit at less than market value and to thereby diminish, let alone extinguish, plaintiffs' interest as residual security holders.") and Cece & Co. Ltd. v. U.S. Bank N.A., 153 A.D.3d 275 (1st Dept. 2017) ("In the absence of an express contractual right to do so, the trustee's [U.S. Bank National

-3-

Association's] action clearly constitutes a prohibited conflict of interest, because it financially benefitted the trustee [U.S. Bank National Association] at the expense of the residual security holders. The trustee [U.S. Bank National Association] completely defeated the equity value of the trust assets that belonged to the residual security owners by usurping the profitable value of the assets for itself.").

6.      Plaintiffs seek damages in excess of $50 million.

## PARTIES

7.      The Skull Valley Band of Goshutes is a federally recognized Native American Tribe and the sole member and owner of 100% of the membership interests in each of the Goshute LLC Plaintiffs. The Goshute LLC Plaintiffs are all Skull Valley Band of Goshutes' Tribal Limited Liability Companies which were originally organized in the State of Colorado and thereafter changed their domicile to the Skull Valley Band of Goshutes Indians' Reservation under the authority of the Skull Valley Band of Goshutes.[1] The Residual Securities in the following Trusts are owned by the Skull Valley Band of Goshutes and have been continuously held in the names of one or more of the Goshute LLC Plaintiffs: GNR 1996-20, GNR 1996-24, GNR 1997-17, GNR 1997-20, GNR 1998-13, GNR 1998-14, GNR 1998-16, GNR 1998-24, GNR 1998-25, GNR 1998-5, GNR 1998-6, GNR 1999-11, GNR 1999-17, GNR 1999-20, GNR 1999-21, GNR 1999-23, GNR 1999-24, GNR 1999-37, GNR 1999-43, GNR 1999-46, GNR 1999-5, GNR 1999-8, GNR 1999-9, GNR 2000-12, GNR 2000-13, GNR 2000-2, GNR 2000-23, GNR 2000-6, GNR 2000-7, GNR

---

[1] Following the change of domicile, the charters for each of the Goshute LLC Plaintiffs were dissolved by the State of Colorado.

-4-

2001-1, GNR 2001-23, GNR 2001-29, GNR 2001-4, GNR 2001-41, GNR 2001-54, GNR 2001-64, GNR 2001-8, GNR 2002-1, GNR 2002-19, GNR 2002-3, GNR 2002-34, and GNR 2002-40.[2]

8.     Defendant U.S. Bank National Association ("Defendant," "US Bank" or "Trustee") is reportedly the fifth largest bank in the United States and had $495 billion in assets as of December 31, 2019.  US Bank is a nationally chartered bank under the laws of the United States and has succeeded to the interests of the original Trustee in each of the Trusts at issue.

9.     US Bank's principal executive offices are located in Minnesota. US Bank has an office and place of business at 100 Wall Street, 16th Floor, New York, New York 10005.

10.     US Bank boasts on its website that **"Our relationships are built on trust that we build every day though every interaction."**

## JURISDICTION AND VENUE

11.     This Court has jurisdiction over this proceeding pursuant to CPLR §§ 301 and 302, because Defendant maintains offices and regularly conducts business in New York, the Trust Agreements at issue were negotiated in New York and formed under New York law and Defendant has been a plaintiff and at other times a defendant in multiple other actions in this Court.

12.     Venue is proper in New York County pursuant to CPLR §§ 503 (a) and (b), because Plaintiffs designate New York County as the place of trial for this action, Defendant is deemed a

---

[2] Each of the Trusts is governed by a Trust Agreement, which in turn incorporates standard terms from a document entitled Standard Trust Provisions for REMIC Trusts (the "Standard Trust Provisions").  Capitalized terms in the Trust Agreement and the Standard Trust Provisions are defined in a Glossary. Except as otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the Trust Agreement annexed hereto as Exhibit A, the Standard Trust Provisions annexed hereto as Exhibit B or the Glossary annexed hereto as Exhibit C.  The Trust Agreement, Standard Trust Provisions and Glossary for each of the Trusts listed herein are substantively the same as those set forth in Exhibits A-C, and, in particular, as they relate to US Bank's obligations and the rights of holders of Residual Securities. In addition to these documents, the transactions at issue are described in a Base Offering Circular and an Offering Circular Supplement, which, collectively with the other documents are referred to herein as the "Governing Agreements."

-5-

resident of New York County by virtue of its appointment as trustee of trusts formed under New York law, and Defendant maintains offices and regularly conducts business in New York County.

## **THE TRUSTS**

13.     The Trusts are investment vehicles commonly called "Collateralized Mortgage Obligations" ("CMOs"), or "Real Estate Mortgage Investment Conduits" ("REMICs").  Each of the Trusts is a Government National Mortgage Association ("Ginnie Mae") Guaranteed Grantor Trust Pass-Through Security.  The Trusts were formed as "REMIC" trusts, which give them preferred tax treatment.[3]

14.     A Sponsor - - typically a large financial institution - - establishes a Trust by placing multiple mortgages secured by residential real property into the Trust.  Thereafter, the Sponsor sells such securities to investors in public or private placements.  The investors then become entitled to payments from the funds received or obtained by the Trustee in accordance with the terms of the Governing Agreements. These payments are made by the Trustee on defined Distribution Dates, but until the funds are distributed, the Trustee is required to hold them, and all other Trust Assets, in trust for the benefit of the "Holders," *i.e.*, the investors to whom the securities were sold.

## **THE TRUST AGREEMENTS, RESIDUAL INTEREST AND TERMINATION**

15.     Each Trust has a separate Trust Agreement between the Sponsor and the Trustee, which incorporates the Standard Trust Provisions and Glossary.

---

[3] The term "Trust" is defined in the Glossary as "A Ginnie Mae REMIC Trust or Callable Trust, as applicable."  See Exhibit C at page 19.  "Trustee" is defined as "The trustee for a Trust.  The trustee for each Trust will be identified in the related Trust Agreement."  See Exhibit C at page 20.

-6-

16.     Under the Trust Agreements, purchasers of (a) the debt interests and (b) the residual interests are defined respectively as the Holders of "Regular Securities"[4] and "Residual Securities."[5]  Plaintiffs are the owners of the entire class of Residual Securities of the Trusts listed above and are the only Holder of Residual Securities in such Trusts.

17.     While the Holders of Regular Securities are entitled to receive regular payments on specified Distribution Dates, the Holders of Residual Securities are not.  Instead, the Holders of Residual Securities are only entitled to receive the proceeds of the dispositions of any assets remaining in the Trusts after each of the Holders of Regular Securities have been fully paid, the payment in full of other creditors and the payment in full of the Trustee's fees. See Exhibit B, the Standard Trust Provisions, at Section 7.05.

18.     Pursuant to the Trust Agreements and federal tax law (IRC § 860), the payments to the Holders of Regular Securities *are guaranteed by Ginnie Mae*, while the Holders of Residual Securities have no such guarantee.  As such, Residual Securities are the riskiest tranche of ownership.  The regular and residual Trust interests are also differentiated by the fact that the Regular Securities are evidenced by book entries, while the Residual Securities are represented by physical certificates, with certain investor rights in the Trust Agreements defined by this differentiation.

---

[4] A "Regular Security" is defined in the Glossary as "Any Security that represents a Regular Interest in a Trust REMIC."  A "Regular Interest" is defined as "An interest in a Trust REMIC that is designated as a 'regular interest' under the REMIC Provisions."  A "Regular Holder" is defined as "A Holder of a Regular Security."  See Glossary at Exhibit C at page 16.

[5] A "Residual Security" is defined in the Glossary as "Any Security that represents a Residual Interest in one or more Trust REMICs."  A "Residual Interest" is defined as "An interest in a Trust REMIC that is designated in the Trust Agreement as a 'residual interest' under the REMIC Provisions."  A "Residual Holder" is defined as "A Holder of a Residual Security."  See Glossary at Exhibit C at pages 16-17.

-7-

19.     Pursuant to the Standard Trust Provisions (Exhibit B, at Section 4.02(a)), "The Trustee acknowledges and declares that it . . . holds all assets of the Trust in trust for the exclusive benefit of all present and future Holders . . .".

20.     Although each Trust has a specified term by which it terminates, the Trust Agreements also provide for circumstances permitting early termination by the Trustee.  Over time, as the underlying mortgages are repaid, the Original Class Principal Balances[6] of the Trusts decline.  The Trust Agreements expressly provide that when the Original Class Principal Balance of a Trust declines to less than 1%, the Trustee has the option to effect an early termination.  This is commonly referred to as a "Clean Up Call."

21.     In that regard, the Standard Trust Provisions states at Section 6.01:

> On any Distribution Date on which the aggregate Class Principal Balances of the Securities in a particular Series, after giving effect to distributions otherwise to be made on that date, is less than 1% of the aggregate of the Original Class Principal Balances, the Trustee may, but shall not be obligated to, effect a termination of the related Trust and retirement of the related Securities by purchasing (or causing the sale to one or more third parties of) all of the Trust Assets remaining in the Trust, and depositing into the Book-Entry Depository Account the Termination Price therefor."

See Exhibit B at Section 6.01; see also Exhibit B at Sections 6.02 and 6.03.

22.     The depositing of the Termination Price into the Book Entry Depository Account protects the Regular Holders and ensures that they receive the remaining unpaid principal balance of their Securities plus 30 days' interest.  Nothing in the Trust Agreements or the Standard Trust Provisions relieves the Trustee from its obligation, once it has decided to terminate a Trust, to sell the remaining Trust Assets at the highest price obtainable in a fair market sale process for the benefit of the Residual Holder.  See Exhibit B, at Section 4.02(a).

---

[6] The "Original Class Principal Balance" is "the original principal amount of those Securities, as set forth in the related Offering Circular and Trust Agreement." See Glossary at Exhibit C at page 12.

-8-

23.     Rather, the early termination option recognizes the fact that the fee payable to the Trustee for its services is a percentage of the principal and interest distributions made by the Trustee on the Trust Assets.  See Exhibit A, the Trust Agreement, at page 2, definition of "Trustee Fee."  When the principal balances are less than 1% of the original balances, the fees to the Trustee can be less than the Trustee's costs in performing its administrative services.  Under those circumstances, the Trust Agreements allow the Trustee to terminate the Trust and, if there is no other buyer for the assets, to buy them itself at a price not below the Termination Price.[7]  See Exhibit B, at Section 6.02.  This protects the Trustee from having to perform ongoing services at a loss and ensures that the Regular Holders are paid in full as guaranteed.[8]

24.     In some instances, the Trust Assets will not be worth more than the Termination Price, i.e., the remaining principal balances plus 30 days' interest.  However, where the market value of the Trust Assets exceeds that amount, a sale to a third party at the highest price obtainable in a fair market sales process will provide the greatest benefit for the Residual Holder.  In the later situation, the Trustee has a conflict of interest.  The Trustee would benefit by buying the Trust Assets for its own account at the lower Termination Price and reselling them for its own benefit.  Conversely, the Residual Holders benefit from the Trustee's selling the assets directly to a third party for the highest price obtainable and remitting the sales proceeds to the Trust for ultimate distribution to the Residual Holder.

25.     The Trustee has the duty both under the Trust Agreements and governing law to maximize value for its beneficiaries.  As such, once the Trustee decided to terminate the Trusts at

---

[7] In basic terms, the "Termination Price" is the aggregate of the remaining principal balances of the Trust Assets in a specified Series plus 30 days' interest on the outstanding Trust Assets.

[8] The early termination provision is intended to permit the Trustee to end a Trust that is no longer profitable, e.g., when the cost of administering the Trust exceeds the benefits of operation (26 CFR 1.860G-2[i]).

issue in accordance with the Trust Agreements, it had the obligation to sell the Trust Assets for the highest obtainable price.

### THE TRUSTEE KEEPS RESIDUAL INTEREST FOR ITSELF IN BREACH OF DUTY AND THE GOVERNING AGREEMENTS

26.     Between February 2014 and June 2017, the Trustee terminated each of the Trusts (effectuating Clean Up Calls) listed above.

27.     For each of these Trusts, the Trustee sold the Trust Assets (*i.e.*, underlying mortgage pools) to third parties for well in excess of the Termination Price and kept for itself the excess residual value (*i.e.*, profit) instead of paying the Residual Holders, *i.e.*, the Plaintiffs.  In doing so, the Trustee brazenly stole in excess of $50 million from the Skull Valley Band of Goshutes, a federally recognized Native American Tribe.

28.     The reason that there was money to be paid to the Residual Holders from the Trusts is because the interest rates on the underlying mortgage pools had been significantly higher than the then prevailing mortgage rates.  Therefore, the fair market value of those mortgage pools greatly exceeded the Termination Price.  In other words, the Trust Assets underlying the Regular Securities - - the mortgage pools - - had a higher market value than the amount needed to retire the Regular Securities because interest rates have gone down since the Trusts were issued.

29.     By acting in the forgoing manner, US Bank breached the Governing Agreements and the duty of care owed to Plaintiffs, causing significant damages to Plaintiffs.

### FIRST CAUSE OF ACTION
(Breach of Contract)

30.     Plaintiffs repeat and reallege the foregoing allegations with the same force and effect as if fully set forth herein.

-10-

31.     As Trustee for each of the Trusts, Defendant had a legal duty as an indenture trustee (as reflected in Section 4.02 (a) and (b) of the Standard Trust Provisions incorporated into the Trust Agreements), requiring Defendant to hold the Trust Assets for the exclusive use and benefit of the Security holders and prohibiting Defendant from asserting any claim against the Trust Assets, except as otherwise permitted by the Trust Agreement.

32.     While Defendant had an express right to purchase the remaining Trust Assets in its own name for each of the Trusts, there is no express contractual right to purchase the Trust Assets at less than the fair market value.  In the absence of an express contractual right to do so, Defendant's actions described herein clearly constituted a prohibited conflict of interest because it financially benefitted Defendant at the expense of Plaintiffs, the Residual Holders.

33.     By virtue of the foregoing, Defendant breached the Governing Agreements for the Trusts listed above by failing to pay Plaintiffs the amounts that Plaintiffs are entitled to receive from the sale of the Trust Assets in connection with the Clean Up Calls and wrongfully usurping those proceeds for itself.  In addition, Defendant is believed to have sold the Trust Assets in a manner that resulted in lower prices than a fair market sale process would have yielded.

34.     There are no conditions precedent to the filing of this action, Plaintiffs have performed as required or have been prevented from performance by Defendant and Plaintiffs have not breached any of the Governing Agreements.

35.     Accordingly, Defendant is liable to Plaintiffs for damages in excess of $50 million.

*     *     *

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demand judgment against Defendant as follows:

A.   Awarding Plaintiffs compensatory, consequential and incidental damages against Defendant in an amount to be determined at trial, but believed to be in excess of $50 million, together with pre-and-post judgment interest at the highest rate allowable by law;

B.  Awarding Plaintiffs the costs, expenses and disbursements of this action, including, but not limited to, reasonable attorneys' fees; and

C.  Such other and further relief in Plaintiffs' favor as this Court may deem just and proper.

Dated: New York, New York
       January 28, 2020


                                   Respectfully submitted,


**WELTZ KAKOS GERBI WOLINETZ VOLYNSKY LLP**          **SICHENZIA ROSS FERENCE LLP**

By: /s/Irwin Weltz                                   By: /s/Michael H. Ference
    Irwin Weltz                                          Michael H. Ference
    Thomas Scot Wolinetz                                 A.R. John Hitchings
    Robert B. Volynsky                               1185 Ave. of Americas, 37th Fl.
34 Willis Avenue, Suite 106                          New York, NY 10036
Mineola, New York  11501                             Tel. 212-930-9700
Tel. 516-506-0561                                    mference@srf.law
Irwin@Weltz.law

COUNSEL FOR PLAINTIFFS

*SKULL VALLEY BAND OF GOSHUTE INDIANS OF UTAH, a federally recognized Native American Tribe; BOSTON MORTGAGE INVESTMENTS XIII, LLC, a Skull Valley Band of Goshutes' Tribal Limited Liability Company; BOSTON MORTGAGE INVESTMENTS XVI, LLC, a Skull Valley Band of Goshutes' Tribal Limited Liability Company; CRISPIN KOEHLER HOLDING, III LLC, a Skull Valley Band of Goshutes' Tribal Limited Liability Company; ESOPUS MORTGAGES, LLC, a Skull Valley Band of Goshutes' Tribal Limited Liability Company; FANCHER MORTGAGES, LLC, a Skull Valley Band of Goshutes' Tribal Limited Liability Company; HILER MORTGAGES, LLC, a Skull Valley Band of Goshutes' Tribal Limited Liability Company; KISMET MORTGAGES, LLC, a Skull Valley Band of Goshutes' Tribal Limited Liability Company; LANSING MORTGAGES, LLC, a Skull Valley Band of Goshutes' Tribal Limited Liability Company; REMSEN MORTGAGES, LLC, a Skull Valley Band of Goshutes' Tribal Limited Liability Company; SALEM MORTGAGES, LLC, a Skull Valley Band of Goshutes'*

-12-

*Tribal Limited Liability Company; THORNWOOD MORTGAGES, LLC, a Skull Valley Band of Goshutes' Tribal Limited Liability Company; UPTON MORTGAGES, LLC, a Skull Valley Band of Goshutes' Tribal Limited Liability Company; VERNON MORTGAGES, LLC, a Skull Valley Band of Goshutes' Tribal Limited Liability Company; WINDHAM MORTGAGES, LLC, a Skull Valley Band of Goshutes' Tribal Limited Liability Company; XEBEC MORTGAGES, LLC, a Skull Valley Band of Goshutes' Tribal Limited Liability Company; and YORKSHIRE MORTGAGES, LLC, a Skull Valley Band of Goshutes' Tribal Limited Liability Company.*

-13-

Case 1:20-cv-01704   Document 1-1   Filed 02/26/20   Page 18 of 50

# EXHIBIT A

GOVERNMENT NATIONAL MORTGAGE ASSOCIATION

GUARANTEED REMIC PASS-THROUGH SECURITIES

GINNIE MAE REMIC TRUST 1999-12

———————————

TRUST AGREEMENT

between

Salomon Smith Barney Inc.,

as Sponsor,

and

State Street Bank and Trust Company,

as Trustee

———————————

DATED AS OF

April 30, 1999

## TRUST AGREEMENT

THIS TRUST AGREEMENT, dated as of April 30, 1999, is entered into by and between Salomon Smith Barney Inc., a New York corporation (the "Sponsor"), and State Street Bank and Trust Company, a Massachusetts trust company, as trustee (the "Trustee").

**Section 1.    Standard Trust Provisions**.   The Standard Trust Provisions for Guaranteed REMIC Pass-Through Securities, as set forth in the Ginnie Mae Multiclass Securities Guide, August 1, 1998 Edition, as amended through March 1, 1999, (the "Standard Trust Provisions") are herein incorporated by reference and shall be considered a part of this Trust Agreement as if set forth herein in full.

**Section 2.    Defined Terms**.   Capitalized terms used and not otherwise defined herein shall have the meanings assigned to them in the glossary contained in the Ginnie Mae Multiclass Securities Guide (Parts I and II), August 1, 1998 Edition , as amended through March 1, 1999, and as supplemented by both the Terms Sheet in the 1999-12 Offering Circular Supplement attached hereto as Schedule C and the definitions set forth below.

"Closing Date": April 30, 1999.

"Corporate Trust Office":   Two International Place, 4th Floor, Bond Operations Department, Boston, Massachusetts 02110, Ref: Ginnie Mae 1999-12.

"Co-Trust Counsel": Marcell Solomon & Associates, P.C.

"Distribution Date":   The 16th day of each month or, if the 16th day is not a Business Day, the first Business Day thereafter, commencing in May 1999.

"Final Data Statement":   The statement attached to the Accountants' Agreed-Upon Procedures Letter as of the Closing Date as Schedule A, a copy of which is attached hereto.

"Ginnie Mae Guaranty Fee Percentage":  0.04% of the first $100 million of the aggregate Class Principal Balance of the Securities as of the Closing Date and 0.02% of the remaining aggregate Class Principal Balance of the Securities as of the Closing Date; plus $75,000.

"Increased Minimum Denomination Class":   The REMIC Class that constitutes an Interest Only Inverse Floating Rate Class.

"Issuing REMIC":   The assets described as such in Section 1.03 of the Standard Trust Provisions, for which a REMIC election will be made.

"1999-12 Offering Circular Supplement":  The Offering Circular Supplement dated April 26, 1999, relating to Ginnie Mae REMIC Trust 1999-12.

"Pooling REMIC":  The assets described as such in Section 1.03 of the Standard Trust Provisions, for which a REMIC election will be made.

"Pooling REMIC Subaccount":  Each of the following subaccounts, established for purposes of the REMIC Provisions by the Trustee, which have the following interest rates and initial principal balances and which correspond to the indicated Classes of Securities:

Pooling REMIC

| Subaccount | Interest Rate | Initial Principal Balance | Corresponding Classes |
|------------|---------------|---------------------------|-----------------------|
| PR-1 | 8.00% | $142,857,143.00 | FA, FC, FD, SA |
| PR-2 | 6.25% | $ 47,142,857.00 | AC, B, C, D, G |
| PR-3 | 6.50% | $  5,000,000.00 | A |
| PR-4 | 6.00% | $  5,000,000.00 | AB |

"Reference Banks":  Bankers Trust Company, Barclays Bank, National Westminster Bank, PLC and Tokyo Mitsubishi.

"Registrar":  The Trustee.

"Regular Securities":  Each of the Securities other than the Class RR Securities.

"Residual Securities":  The Class RR Securities issued by the Trust.  The Class RR Securities, which represent the beneficial ownership in the Pooling REMIC Residual Interest and the beneficial ownership in the Issuing REMIC Residual Interest, may be separated into their component parts by the registered Holders thereof as described in Section 2.05 of the Standard Trust Provisions.

"Sponsor":  The entity identified as such on the cover page hereof.

"Sponsor Agreement":  The Sponsor Agreement relating to the Ginnie Mae REMIC Trust 1999-12, by and between the Sponsor and Ginnie Mae, dated April 26, 1999.

"Tax Administrator":  The Trustee.

"Trust Assets":  Collectively, the certificates listed in the Final Data Statement.

"Trust Counsel":  Cleary, Gottlieb, Steen & Hamilton.

"Trustee":  The entity identified as such on the cover page hereof, or its successor in interest, or any successor trustee appointed as herein provided.

"Trustee Fee":  As set forth under "Trustee Fee" in Schedule C.

"Trust Fund": The corpus of the trust established hereby, consisting of: (a) the Trust Assets and all distributions thereon on or after the first day of the month following the month in which the Closing Date occurs, (b) all of the Sponsor's right, title and interest in, but none of Sponsor's obligations under, the Sponsor Agreement, (c) the Trust Accounts and (d) any proceeds of the foregoing.

"Trust REMIC": Each of the Pooling REMIC and the Issuing REMIC.

**Section 3.    Conveyance to the Trustee**. In consideration of all of the Securities issued hereunder, the receipt of which is hereby acknowledged by the Sponsor, the Sponsor does hereby sell, assign, transfer and convey to the Trustee, in trust for the benefit of the Holders, all of the Sponsor's right, title and interest in and to the Trust Fund.

**Section 4.    REMIC Election**. This Series shall be a Double REMIC Series. The Trustee shall designate the Pooling REMIC Residual Interest as the sole class of residual interest in the Pooling REMIC and shall designate the Residual Interest in the Issuing REMIC as the sole class of residual interest in the Issuing REMIC.

**Section 5.    Acceptance by the Trustee**. By its execution of this Trust Agreement, the Trustee acknowledges receipt of the Trust Fund and declares that it holds and will hold the Trust Fund in trust for the exclusive use and benefit of all present and future Holders pursuant to the terms of this Trust Agreement. The Trustee represents and warrants that (a) the Trustee holds the Trust Assets through the facilities of the applicable Depository, which has credited the Trust Assets to the related Depository Account, (b) the information relating to the Trust Assets set forth on the Final Data Statement conforms to information provided to the Trustee by the applicable Depository, (c) the Trustee acquired the Trust Assets on behalf of the Trust from the Sponsor in good faith, for value, and without notice or knowledge of any adverse claim, lien, charge, encumbrance or security interest (including, without limitation, federal tax liens or liens arising under ERISA), (d) except as permitted in this Trust Agreement, the Trustee has not and will not, in any capacity, assert any claim or interest in the Trust Assets and (e) the Trustee has not encumbered or transferred its right, title or interest in the Trust Assets.

**Section 6.    The Securities**.

(a)    The Securities will be designated generally as the Ginnie Mae REMIC Trust 1999-12. The aggregate principal amount of Securities that may be executed and delivered under this Trust Agreement is limited to $200,000,000, except for Securities executed and delivered upon registration of, or transfer of, or in exchange for, or in lieu of, other Securities. The (i) designation, (ii) Original Class Principal Balance (or original Class Notional Balance), (iii) Interest Rate, (iv) Principal Type, (v) Interest Type, (vi) Final Distribution Date and (vii) CUSIP Number for each Class are set forth in the table on the cover page of the 1999-12 Offering Circular Supplement, attached hereto as Schedule B, or under "Interest Rates" in Schedule C.

(b)      The Class RR Securities shall be Certificated Securities.

(c)      The Increased Minimum Denomination Class shall be offered in the minimum denomination of: $1,910,000 in Class Notional Balance for Class SA.

(d)      Each Class of Securities, other than the Class listed below in Section 6(e), shall be substantially in the form of the related Exhibit attached hereto.

(e)      Classes B, C, D and G shall be issued in uncertificated form directly to the Trustee for Ginnie Mae MX Trust 1999-12.

**Section 7.      Distributions to Holders**. On each Distribution Date, the Trustee (or the Paying Agent on behalf of the Trustee) shall withdraw the Distribution Amount from the Trust Accounts in accordance with Section 3.04 of the Standard Trust Provisions and shall distribute such Distribution Amount in the following manner:

(a)      The Interest Distribution Amount shall be allocated to the payment of interest currently due on each Pooling REMIC Subaccount at the Interest Rate set forth in the definition of "Pooling REMIC Subaccount" in Section 2 hereof.

(b)      The Principal Distribution Amount (net of the portion thereof payable as part of the Trustee Fee) shall be allocated to the payment of principal on the Pooling REMIC Subaccounts in a manner such that the principal amount of each Pooling REMIC Subaccount will at all times equal the aggregate Class Principal Balance of the corresponding Securities (other than Securities of the Notional Class) identified in the definition of "Pooling REMIC Subaccount" in Section 2 hereof.

(c)      From the aggregate amounts on deposit in the Pooling REMIC Subaccounts:

(i)      The Fixed Rate Classes shall receive interest for the related Accrual Period at the respective Interest Rates set forth in Schedule B.

(ii)      The Floating Rate and Interest Only Inverse Floating Rate Classes shall receive interest for the related Accrual Period at the respective Interest Rates in effect for such Accrual Period, determined as set forth under "Interest Rates" in Schedule C.

(iii)      The Notional Class shall receive interest for the related Accrual Period at its Interest Rate set forth in Schedule C on its Class Notional Balance, which shall be reduced with reductions in the Class Principal Balances of the specified classes as set forth under "Notional Class" in Schedule C."

(iv)      The allocation of principal distributions on the Classes of Securities on each Distribution Date shall be as set forth under "Allocation of Principal" in Schedule C.

       (d)     Any amounts described in Sections 3.04(k) and 7.05(b) of the Standard Trust Provisions shall be allocated to the Residual Securities in accordance with those Sections.

       (e)     In the event that a Class RR Security is separated into a Class RP Security and a Class RI Security in accordance with Section 2.05 of the Standard Trust Provisions, the Class RP Security will receive all distributions with respect to the Pooling REMIC Residual Interest, and the Class RI Security will receive all distributions with respect to the Issuing REMIC Residual Interest.

       (f)     Notwithstanding the foregoing, distributions on any Certificated Securities will be made on the Business Day following a Distribution Date.

**Section 8.**    **Modification of Standard Trust Provisions**.  The following modifications of the Standard Trust Provisions shall apply to the Securities:  Notwithstanding anything to the contrary contained in the Standard Trust Provisions, any references therein to "PTC" or to "Participant's Trust Company" shall be deemed to refer to the Mortgage - Backed Securities Division of The Depository Trust Company.

**Section 9.**    **Schedules and Exhibits**.  Each of the Schedules and Exhibits attached hereto or referenced herein is incorporated herein by reference.

**Section 10.**    **Double REMIC Series Administration**.  The Pooling REMIC will pay all Trust REMIC expenses and will make distributions on the Regular Interests of the Pooling REMIC to the Issuing REMIC.  The Issuing REMIC will make all distributions on the Regular Securities.

IN WITNESS WHEREOF, the Sponsor and the Trustee have caused this Trust Agreement to be duly executed by their respective officers thereunto duly authorized as of the day and year first above written.

SALOMON SMITH BARNEY INC., as Sponsor

By: _____
                    Matthew R. Bollo

Its: _____VICE  PRESIDENT_____

STATE STREET BANK AND TRUST COMPANY, as Trustee

By: _____

Its: _____

IN WITNESS WHEREOF, the Sponsor and the Trustee have caused this Trust Agreement to be duly executed by their respective officers thereunto duly authorized as of the day and year first above written.

SALOMON SMITH BARNEY INC., as Sponsor

By: _____

Its: _____

STATE STREET BANK AND TRUST COMPANY, as Trustee

By: _Kristin A. Kawala_

Its: _Assistant Secretary_

STATE OF NEW YORK    )
              : ss.:
COUNTY OF NEW YORK   )

   The foregoing instrument was acknowledged before me in the County of New York, New York, this _29_ day of April, 1999, by _MATTHEW R. BOLLO_ , _VICE PRESIDENT_ , of Salomon Smith Barney Inc., a New York corporation, on behalf of the corporation.

          _____
             Notary Public

My Commission expires: _____

ANTHONY J. FERRARA
Notary Public, State of New York
No. 44-1199397
Qualified in Rockland County
Certificate Filed in New York County
Commission Expires June 30, 19__

STATE OF MASSACHUSETTS   )
                            : ss.:

COUNTY OF SUFFOLK        )

    The foregoing instrument was acknowledged before me in the County of Suffolk, Massachusetts, this 3ʳᵈ day of April, 1999, by _Kristen Nierode_, _Asst. Secretary_ of State Street Bank and Trust Company, a Massachusetts trust company, on behalf of the company.

_____
Notary Public

My Commission expires: _August 13, 2004_

Brian Calabro
Notary Public
My Commission Expires August 13, 2004

8

## LIST OF SCHEDULES AND EXHIBITS

| | |
|---|---|
| Schedule A: | Copy of the Final Data Statement |
| Schedule B: | Cover Page to 1999-12 Offering Circular Supplement |
| Schedule C: | Terms Sheet to 1999-12 Offering Circular Supplement |
| | |
| Exhibit A: | Form of Class A Security |
| Exhibit AB: | Form of Class AB Security |
| Exhibit AC: | Form of Class AC Security |
| Exhibit FA: | Form of Class FA Security |
| Exhibit FC: | Form of Class FC Security |
| Exhibit FD: | Form of Class FD Security |
| Exhibit SA: | Form of Class SA Security |
| Exhibit RR: | Form of Class RR Security |
| Exhibit RI: | Form of Class RI Security |
| Exhibit RP | Form of Class RP Security |

GNMA-1999-012-@FDS

Schedule A

| CUSIP | Pool Number/ Pool Suffix | Pool Type | Issue Date | Certificate Rate | Maturity Date | Original Principal Balance | Current Principal Balance | Current WAC | Current WALA | Current WARM | Group ID | Depository Institution |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 362161MZ1 | 180476X | SF | 19930801 | 7.500 | 20230815 | 820,839.00 | 327,739.06 | 8.000 | 68 | 288 | 1 | PTC |
| 36217WFR8 | 205476X | SF | 19920301 | 7.500 | 20220315 | 808,473.00 | 358,399.22 | 8.000 | 86 | 248 | 1 | PTC |
| 36218DM75 | 219182X | SF | 19921001 | 7.500 | 20221015 | 843,837.00 | 587,644.79 | 8.000 | 78 | 282 | 1 | PTC |
| 36218DNH2 | 219192X | SF | 19930701 | 7.500 | 20230715 | 26,842.00 | 20,558.91 | 8.000 | 69 | 289 | 1 | PTC |
| 36218HNR1 | 222800X | SF | 19920301 | 7.500 | 20230315 | 516,435.00 | 277,398.33 | 8.000 | 86 | 259 | 1 | PTC |
| 36218YBG1 | 235939X | SF | 19920201 | 7.500 | 20220215 | 1,014,260.00 | 555,107.31 | 8.000 | 87 | 254 | 1 | PTC |
| 36220BUX9 | 273398X | SF | 19930801 | 7.500 | 20230815 | 490,008.00 | 406,789.50 | 8.000 | 68 | 291 | 1 | PTC |
| 36220TBL7 | 287243X | SF | 19920901 | 7.500 | 20220815 | 37,554.00 | 20,502.31 | 8.000 | 80 | 275 | 1 | PTC |
| 36223BQA1 | 302949X | SF | 19920301 | 7.500 | 20230315 | 390,789.00 | 168,764.00 | 8.000 | 86 | 269 | 1 | PTC |
| 36223PXV6 | 313992X | SF | 19920901 | 7.500 | 20220915 | 982,597.00 | 265,254.73 | 8.000 | 80 | 278 | 1 | PTC |
| 36223UC30 | 317890X | SF | 19920501 | 7.500 | 20220515 | 25,000.00 | 4,976.62 | 8.000 | 84 | 245 | 1 | PTC |
| 36223UJ58 | 318084X | SF | 19920201 | 7.500 | 20220215 | 486,772.00 | 288,524.04 | 8.000 | 87 | 266 | 1 | PTC |
| 36223VM94 | 319084X | SF | 19920301 | 7.500 | 20220315 | 2,820,000.00 | 1,194,042.23 | 8.000 | 85 | 264 | 1 | PTC |
| 36223WEQ | 319743X | SF | 19920201 | 7.500 | 20220215 | 3,111,986.00 | 1,432,413.48 | 8.000 | 87 | 265 | 1 | PTC |
| 36223XA77 | 320530X | SF | 19920901 | 7.500 | 20220915 | 980,000.00 | 521,246.17 | 8.000 | 79 | 276 | 1 | PTC |
| 36224ALE9 | 322625X | SF | 19920801 | 7.500 | 20220815 | 490,000.00 | 171,420.48 | 8.000 | 80 | 273 | 1 | PTC |
| 36224AND9 | 322688X | SF | 19920901 | 7.500 | 20220915 | 984,779.00 | 417,909.86 | 8.000 | 79 | 279 | 1 | PTC |
| 36224BQZ5 | 323672X | SF | 19930201 | 7.500 | 20230215 | 129,429.00 | 73,871.27 | 8.000 | 74 | 282 | 1 | PTC |
| 36224DRT4 | 325498X | SF | 19920301 | 7.500 | 20220315 | 494,921.00 | 342,238.72 | 8.000 | 86 | 268 | 1 | PTC |
| 36224EQW | 326369X | SF | 19920801 | 7.500 | 20220815 | 254,104.00 | 105,662.54 | 8.000 | 82 | 244 | 1 | PTC |
| 36224FZD5 | 327540X | SF | 19930801 | 7.500 | 20230815 | 31,701.00 | 26,380.59 | 8.000 | 68 | 282 | 1 | PTC |
| 36224GN87 | 328115X | SF | 19920801 | 7.500 | 20220815 | 560,000.00 | 311,139.42 | 8.000 | 81 | 277 | 1 | PTC |
| 36224GZ50 | 328464X | SF | 19930201 | 7.500 | 20230215 | 184,283.00 | 114,863.82 | 8.000 | 74 | 275 | 1 | PTC |
| 36224G7F9 | 328594X | SF | 19920901 | 7.500 | 20220915 | 125,000.00 | 42,449.71 | 8.000 | 80 | 271 | 1 | PTC |
| 36224HKF2 | 328894X | SF | 19920801 | 7.500 | 20220815 | 980,000.00 | 397,515.15 | 8.000 | 81 | 254 | 1 | PTC |
| 36224HMZ | 328976X | SF | 19930201 | 7.500 | 20230215 | 490,000.00 | 210,746.41 | 8.000 | 75 | 276 | 1 | PTC |
| 36224JQ70 | 329978X | SF | 19921201 | 7.500 | 20221215 | 1,015,000.00 | 531,561.31 | 8.000 | 76 | 269 | 1 | PTC |
| 36224JUT7 | 330094X | SF | 19930101 | 7.500 | 20230115 | 255,000.00 | 158,647.66 | 8.000 | 75 | 276 | 1 | PTC |
| 36224JV41 | 330135X | SF | 19920801 | 7.500 | 20220815 | 780,000.00 | 415,244.56 | 8.000 | 80 | 260 | 1 | PTC |
| 36224K5M7 | 331252X | SF | 19930201 | 7.500 | 20230215 | 566,905.00 | 234,275.19 | 8.000 | 74 | 280 | 1 | PTC |
| 36224LLH8 | 331628X | SF | 19920901 | 7.500 | 20220915 | 180,959.00 | 70,645.97 | 8.000 | 79 | 269 | 1 | PTC |
| 36224LMQ | 331667X | SF | 19920801 | 7.500 | 20220815 | 520,471.00 | 275,925.10 | 8.000 | 83 | 271 | 1 | PTC |
| 36224MET8 | 332346X | SF | 19920801 | 7.500 | 20220815 | 615,674.00 | 283,652.73 | 8.000 | 81 | 268 | 1 | PTC |
| 36224MEX | 332350X | SF | 19920901 | 7.500 | 20220915 | 595,000.00 | 307,112.25 | 8.000 | 80 | 270 | 1 | PTC |
| 36224ME68 | 332357X | SF | 19920901 | 7.500 | 20220915 | 224,224.00 | 124,211.85 | 8.000 | 79 | 277 | 1 | PTC |
| 36224MMC | 332555X | SF | 19930401 | 7.500 | 20230415 | 61,861.00 | 29,906.85 | 8.000 | 73 | 284 | 1 | PTC |
| 36224MP66 | 332645X | SF | 19920801 | 7.500 | 20220815 | 360,687.00 | 210,530.79 | 8.000 | 81 | 266 | 1 | PTC |
| 36224NGZ0 | 333316X | SF | 19920901 | 7.500 | 20220915 | 475,000.00 | 252,553.65 | 8.000 | 79 | 260 | 1 | PTC |
| 36224NTY9 | 333667X | SF | 19930601 | 7.500 | 20230615 | 27,832.00 | 12,474.00 | 8.000 | 71 | 281 | 1 | PTC |
| 36224NXR9 | 333788X | SF | 19921201 | 7.500 | 20221115 | 1,015,419.00 | 416,608.89 | 8.000 | 77 | 278 | 1 | PTC |
| 36224NX24 | 333797X | SF | 19921201 | 7.500 | 20221215 | 1,015,346.00 | 636,742.43 | 8.000 | 76 | 281 | 1 | PTC |
| 36224N2Z5 | 333892X | SF | 19920801 | 7.500 | 20220815 | 122,515.00 | 64,225.80 | 8.000 | 80 | 275 | 1 | PTC |
| 36224RLJ1 | 336129X | SF | 19930201 | 7.500 | 20230215 | 1,960,000.00 | 814,307.64 | 8.000 | 75 | 275 | 1 | PTC |
| 36224RRV8 | 336300X | SF | 19920801 | 7.500 | 20220815 | 510,000.00 | 200,178.68 | 8.000 | 80 | 270 | 1 | PTC |
| 36224R5K6 | 336650X | SF | 19921201 | 7.500 | 20221215 | 443,986.00 | 303,548.73 | 8.000 | 76 | 282 | 1 | PTC |
| 36224SAP7 | 336714X | SF | 19921201 | 7.500 | 20221215 | 471,099.00 | 191,797.75 | 8.000 | 76 | 280 | 1 | PTC |
| 36224SDH2 | 336804X | SF | 19920901 | 7.500 | 20220915 | 194,654.00 | 104,628.52 | 8.000 | 79 | 276 | 1 | PTC |
| 36224SQE5 | 337153X | SF | 19920901 | 7.500 | 20220915 | 246,529.00 | 126,553.36 | 8.000 | 79 | 265 | 1 | PTC |
| 36224TQX1 | 338070X | SF | 19930101 | 7.500 | 20230115 | 185,009.00 | 79,548.53 | 8.000 | 75 | 275 | 1 | PTC |
| 36224T2H2 | 338376X | SF | 19921201 | 7.500 | 20221215 | 4,080,000.00 | 1,690,717.03 | 8.000 | 76 | 270 | 1 | PTC |
| 36224USG3 | 339019X | SF | 19930901 | 7.500 | 20230915 | 600,000.00 | 190,321.09 | 8.000 | 68 | 292 | 1 | PTC |
| 36224UT80 | 339075X | SF | 19921201 | 7.500 | 20221215 | 898,817.00 | 432,860.48 | 8.000 | 77 | 264 | 1 | PTC |
| 36224U5H6 | 339348X | SF | 19930201 | 7.500 | 20230215 | 503,655.00 | 238,591.49 | 8.000 | 75 | 255 | 1 | PTC |
| 36224VZH1 | 340144X | SF | 19930201 | 7.500 | 20230215 | 272,545.00 | 110,656.73 | 8.000 | 75 | 278 | 1 | PTC |
| 36224V6E0 | 340269X | SF | 19921201 | 7.500 | 20221115 | 2,080,000.00 | 1,292,024.30 | 8.000 | 77 | 273 | 1 | PTC |
| 36224WUK | 340886X | SF | 19921201 | 7.500 | 20221215 | 446,247.00 | 198,071.61 | 8.000 | 76 | 275 | 1 | PTC |
| 36224WUN | 340889X | SF | 19930101 | 7.500 | 20230115 | 536,792.00 | 226,443.89 | 8.000 | 75 | 278 | 1 | PTC |
| 36224W6K4 | 341174X | SF | 19930101 | 7.500 | 20230115 | 145,000.00 | 77,874.89 | 8.000 | 75 | 276 | 1 | PTC |
| 36224W7E7 | 341193X | SF | 19930201 | 7.500 | 20230215 | 160,069.00 | 88,054.26 | 8.000 | 75 | 278 | 1 | PTC |
| 36224YG52 | 342320X | SF | 19921201 | 7.500 | 20221215 | 1,020,000.00 | 484,770.31 | 8.000 | 76 | 267 | 1 | PTC |
| 36224Y3W7 | 342913X | SF | 19930101 | 7.500 | 20230115 | 187,384.00 | 109,154.98 | 8.000 | 76 | 280 | 1 | PTC |
| 36203ARV0 | 343500X | SF | 19930201 | 7.500 | 20230215 | 510,000.00 | 203,158.51 | 8.000 | 74 | 273 | 1 | PTC |
| 36203B3Q5 | 344707X | SF | 19930201 | 7.500 | 20230215 | 110,089.00 | 47,805.70 | 8.000 | 75 | 263 | 1 | PTC |
| 36203DSW | 346233X | SF | 19930101 | 7.500 | 20230215 | 2,013,744.00 | 1,242,563.14 | 8.000 | 75 | 270 | 1 | PTC |
| 36203DS27 | 346237X | SF | 19930201 | 7.500 | 20230215 | 378,244.00 | 190,760.38 | 8.000 | 74 | 271 | 1 | PTC |
| 36203EWA | 347241X | SF | 19970301 | 7.500 | 20270315 | 100,043.00 | 69,088.37 | 8.000 | 26 | 329 | 1 | PTC |
| 36203E2H0 | 347376X | SF | 19930501 | 7.500 | 20230415 | 615,041.00 | 342,814.39 | 8.000 | 72 | 275 | 1 | PTC |

GNMA-1999-012-@FDS

Schedule A

| CUSIP | Pool Number/ Pool Suffix | Pool Type | Issue Date | Certificate Rate | Maturity Date | Original Principal Balance | Current Principal Balance | Current WAC | Current WALA | Current WARM | Group ID | Depository Institution |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 36203FZM0 | 348248X | SF | 19930901 | 7.500 | 20230915 | 117,808.00 | 78,592.86 | 8.000 | 67 | 282 | 1 | PTC |
| 36203F2L8 | 348279X | SF | 19931001 | 7.500 | 20231015 | 544,346.00 | 294,538.60 | 8.000 | 67 | 283 | 1 | PTC |
| 36203HHK0 | 349534X | SF | 19930201 | 7.500 | 20230215 | 1,960,931.00 | 767,451.25 | 8.000 | 75 | 276 | 1 | PTC |
| 36203HHM | 349536X | SF | 19930201 | 7.500 | 20230215 | 1,960,361.00 | 838,997.48 | 8.000 | 74 | 279 | 1 | PTC |
| 36203JLZ8 | 350944X | SF | 19930601 | 7.500 | 20230615 | 98,440.00 | 49,005.06 | 8.000 | 71 | 286 | 1 | PTC |
| 36203JS32 | 350738X | SF | 19930701 | 7.500 | 20230715 | 1,984,965.00 | 940,600.28 | 8.000 | 69 | 278 | 1 | PTC |
| 36203JUM7 | 350788X | SF | 19930701 | 7.500 | 20230715 | 125,777.00 | 64,946.15 | 8.000 | 69 | 285 | 1 | PTC |
| 36203KG57 | 351320X | SF | 19931101 | 7.500 | 20231115 | 641,142.00 | 410,040.41 | 8.000 | 66 | 279 | 1 | PTC |
| 36203KQF4 | 351554X | SF | 19931001 | 7.500 | 20231015 | 123,500.00 | 83,596.60 | 8.000 | 66 | 280 | 1 | PTC |
| 36203KWZ | 351764X | SF | 19930501 | 7.500 | 20230515 | 333,330.00 | 144,724.56 | 8.000 | 71 | 284 | 1 | PTC |
| 36203LWF5 | 352646X | SF | 19930401 | 7.500 | 20230415 | 107,021.00 | 59,023.88 | 8.000 | 72 | 268 | 1 | PTC |
| 36203MBP4 | 352946X | SF | 19940401 | 7.500 | 20240415 | 482,332.00 | 306,913.15 | 8.000 | 61 | 288 | 1 | PTC |
| 36203M6D7 | 353768X | SF | 19970801 | 7.500 | 20270815 | 2,801,560.00 | 1,723,163.73 | 8.000 | 21 | 337 | 1 | PTC |
| 36203M6R6 | 353780X | SF | 19970801 | 7.500 | 20270815 | 2,701,395.00 | 1,971,853.21 | 8.000 | 21 | 336 | 1 | PTC |
| 36203NA73 | 353830X | SF | 19970901 | 7.500 | 20270915 | 3,428,459.00 | 2,309,281.59 | 8.000 | 20 | 338 | 1 | PTC |
| 36203NQ27 | 354273X | SF | 19930801 | 7.500 | 20230815 | 646,486.00 | 299,572.04 | 8.000 | 68 | 271 | 1 | PTC |
| 36203NRK6 | 354290X | SF | 19930501 | 7.500 | 20230515 | 1,179,878.00 | 685,455.26 | 8.000 | 71 | 283 | 1 | PTC |
| 36203STC1 | 357947X | SF | 19931001 | 7.500 | 20231015 | 1,008,276.00 | 426,428.09 | 8.000 | 67 | 290 | 1 | PTC |
| 36203SUT2 | 357994X | SF | 19930901 | 7.500 | 20230915 | 489,992.00 | 206,495.50 | 8.000 | 67 | 288 | 1 | PTC |
| 36203SX44 | 358099X | SF | 19930701 | 7.500 | 20230615 | 1,471,788.00 | 786,971.87 | 8.000 | 70 | 289 | 1 | PTC |
| 36203TCQ6 | 358379X | SF | 19930601 | 7.500 | 20230615 | 488,982.00 | 224,648.95 | 8.000 | 70 | 288 | 1 | PTC |
| 36203TXZ3 | 358996X | SF | 19930601 | 7.500 | 20230615 | 34,599.00 | 9,201.92 | 8.000 | 70 | 281 | 1 | PTC |
| 36203TYB5 | 359006X | SF | 19930701 | 7.500 | 20230715 | 163,616.00 | 59,914.85 | 8.000 | 69 | 290 | 1 | PTC |
| 36203UB35 | 359258X | SF | 19930701 | 7.500 | 20230715 | 26,125.00 | 12,640.48 | 8.000 | 69 | 281 | 1 | PTC |
| 36203WQS | 361465X | SF | 19930801 | 7.500 | 20230815 | 83,000.00 | 45,897.07 | 8.000 | 69 | 280 | 1 | PTC |
| 36203WWQ | 361655X | SF | 19930801 | 7.500 | 20230815 | 490,008.00 | 210,920.01 | 8.000 | 68 | 290 | 1 | PTC |
| 36204HGH7 | 370200X | SF | 19931201 | 7.500 | 20231215 | 1,062,908.00 | 500,802.09 | 8.000 | 64 | 273 | 1 | PTC |
| 36204H2Q2 | 370783X | SF | 19940501 | 7.500 | 20240515 | 377,806.00 | 288,205.17 | 8.000 | 59 | 291 | 1 | PTC |
| 36204JJJ6 | 371165X | SF | 19931001 | 7.500 | 20231015 | 314,757.00 | 189,857.40 | 8.000 | 67 | 290 | 1 | PTC |
| 36204KEX7 | 371950X | SF | 19931001 | 7.500 | 20231015 | 421,710.00 | 283,563.50 | 8.000 | 67 | 267 | 1 | PTC |
| 36204VGM | 381004X | SF | 19940601 | 7.500 | 20240615 | 145,027.00 | 75,911.90 | 8.000 | 60 | 298 | 1 | PTC |
| 36205NP67 | 395645X | SF | 19970401 | 7.500 | 20270415 | 621,387.00 | 383,421.77 | 8.000 | 25 | 335 | 1 | PTC |
| 36205P6P1 | 396978X | SF | 19970101 | 7.500 | 20270115 | 363,852.00 | 261,413.38 | 8.000 | 27 | 331 | 1 | PTC |
| 36205SDU6 | 398915X | SF | 19961001 | 7.500 | 20261015 | 390,144.00 | 247,864.04 | 8.000 | 31 | 324 | 1 | PTC |
| 36205SFH3 | 398968X | SF | 19961101 | 7.500 | 20261115 | 413,453.00 | 278,399.56 | 8.000 | 30 | 327 | 1 | PTC |
| 36205SM93 | 399184X | SF | 19970301 | 7.500 | 20270315 | 2,336,120.00 | 1,206,640.93 | 8.000 | 26 | 329 | 1 | PTC |
| 36205SQK4 | 399258X | SF | 19970401 | 7.500 | 20270415 | 4,202,767.00 | 3,055,899.97 | 8.000 | 24 | 332 | 1 | PTC |
| 36206AWZ | 405764X | SF | 19960501 | 7.500 | 20260515 | 445,758.00 | 352,832.82 | 8.000 | 36 | 322 | 1 | PTC |
| 36206DD95 | 407928X | SF | 19960901 | 7.500 | 20260915 | 696,521.00 | 464,282.44 | 8.000 | 31 | 322 | 1 | PTC |
| 36206DPV3 | 408236X | SF | 19960301 | 7.500 | 20260315 | 289,886.00 | 202,830.54 | 8.000 | 37 | 320 | 1 | PTC |
| 36206JKQ6 | 412603X | SF | 19960501 | 7.500 | 20260515 | 683,060.00 | 402,406.50 | 8.000 | 35 | 320 | 1 | PTC |
| 36206JLQ5 | 412635X | SF | 19960701 | 7.500 | 20260715 | 4,671,208.00 | 2,929,604.10 | 8.000 | 34 | 322 | 1 | PTC |
| 36206LM89 | 414483X | SF | 19961201 | 7.500 | 20261215 | 764,349.00 | 486,239.99 | 8.000 | 28 | 331 | 1 | PTC |
| 36206MTW | 415565X | SF | 19971101 | 7.500 | 20271115 | 278,665.00 | 205,506.85 | 8.000 | 17 | 342 | 1 | PTC |
| 36206PGB0 | 416994X | SF | 19971201 | 7.500 | 20271215 | 3,206,732.00 | 2,115,881.91 | 8.000 | 16 | 338 | 1 | PTC |
| 36206PZ78 | 417566X | SF | 19960601 | 7.500 | 20260615 | 462,209.00 | 206,037.77 | 8.000 | 34 | 322 | 1 | PTC |
| 36206UPY9 | 421739X | SF | 19960601 | 7.500 | 20260615 | 5,893,022.00 | 3,733,361.79 | 8.000 | 34 | 321 | 1 | PTC |
| 36206VUM | 422788X | SF | 19960501 | 7.500 | 20260515 | 1,339,623.00 | 624,409.12 | 8.000 | 36 | 321 | 1 | PTC |
| 36206VYX9 | 422926X | SF | 19960601 | 7.500 | 20260615 | 3,720,199.00 | 2,002,651.24 | 8.000 | 34 | 322 | 1 | PTC |
| 36206V6T9 | 423082X | SF | 19970801 | 7.500 | 20270815 | 3,362,281.00 | 2,324,774.86 | 8.000 | 21 | 336 | 1 | PTC |
| 36206WQ24 | 423573X | SF | 19960601 | 7.500 | 20260615 | 714,435.00 | 280,646.11 | 8.000 | 34 | 320 | 1 | PTC |
| 36206W3P8 | 423906X | SF | 19960701 | 7.500 | 20260715 | 10,433,288.00 | 6,424,015.60 | 8.000 | 34 | 322 | 1 | PTC |
| 36206YFF3 | 425066X | SF | 19961201 | 7.500 | 20261215 | 410,615.00 | 240,767.09 | 8.000 | 28 | 329 | 1 | PTC |
| 36207ALG5 | 426127X | SF | 19960701 | 7.500 | 20260715 | 843,716.00 | 443,611.26 | 8.000 | 34 | 320 | 1 | PTC |
| 36207ALY6 | 426143X | SF | 19960501 | 7.500 | 20260515 | 715,252.00 | 470,002.88 | 8.000 | 36 | 321 | 1 | PTC |
| 36207AL34 | 426146X | SF | 19960501 | 7.500 | 20260515 | 3,980,572.00 | 2,344,418.30 | 8.000 | 35 | 320 | 1 | PTC |
| 36207AL59 | 426148X | SF | 19960601 | 7.500 | 20260615 | 413,588.00 | 254,820.92 | 8.000 | 35 | 321 | 1 | PTC |
| 36207AS86 | 426343X | SF | 19971201 | 7.500 | 20271215 | 414,478.00 | 249,748.80 | 8.000 | 16 | 339 | 1 | PTC |
| 36207AS94 | 426344X | SF | 19971201 | 7.500 | 20271215 | 1,999,390.00 | 1,489,141.13 | 8.000 | 16 | 341 | 1 | PTC |
| 36207BKD1 | 426992X | SF | 19960501 | 7.500 | 20260515 | 7,148,513.00 | 5,085,554.51 | 8.000 | 35 | 321 | 1 | PTC |
| 36207BUE8 | 427281X | SF | 19971101 | 7.500 | 20271115 | 572,484.00 | 428,529.66 | 8.000 | 17 | 342 | 1 | PTC |
| 36207DBE5 | 428537X | SF | 19960801 | 7.500 | 20260815 | 1,352,627.00 | 614,816.81 | 8.000 | 33 | 320 | 1 | PTC |
| 36207ERQ9 | 429895X | SF | 19970401 | 7.500 | 20270415 | 25,605.00 | 14,754.92 | 8.000 | 25 | 333 | 1 | PTC |
| 36207E4Q4 | 430231X | SF | 19970901 | 7.500 | 20270915 | 2,977,636.00 | 1,870,919.69 | 8.000 | 20 | 339 | 1 | PTC |
| 36207FZT1 | 431054X | SF | 19960801 | 7.500 | 20260815 | 8,319,099.00 | 4,415,944.96 | 8.000 | 33 | 325 | 1 | PTC |
| 36207GG78 | 431422X | SF | 19961001 | 7.500 | 20261015 | 3,554,571.00 | 1,919,171.07 | 8.000 | 31 | 326 | 1 | PTC |
| 36207GWM | 431852X | SF | 19961201 | 7.500 | 20261215 | 451,840.00 | 272,208.82 | 8.000 | 29 | 328 | 1 | PTC |

GNMA-1999-012-@FDS

Schedule A

| CUSIP | Pool Number/ Pool Suffix | Pool Type | Issue Date | Certificate Rate | Maturity Date | Original Principal Balance | Current Principal Balance | Current WAC | Current WALA | Current WARM | Group ID | Depository Institution |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 36207HDB0 | 432198X | SF | 19961101 | 7.500 | 20261115 | 487,160.00 | 267,499.85 | 8.000 | 29 | 328 | 1 | PTC |
| 36207HFZ5 | 432284X | SF | 19970101 | 7.500 | 20270115 | 627,881.00 | 281,523.10 | 8.000 | 27 | 329 | 1 | PTC |
| 36207HHA8 | 432325X | SF | 19970101 | 7.500 | 20270115 | 605,186.00 | 277,025.09 | 8.000 | 27 | 332 | 1 | PTC |
| 36207HMQ | 432467X | SF | 19970401 | 7.500 | 20270415 | 1,355,677.00 | 832,156.39 | 8.000 | 24 | 335 | 1 | PTC |
| 36207HNQ6 | 432499X | SF | 19970501 | 7.500 | 20270515 | 390,852.00 | 234,639.71 | 8.000 | 23 | 335 | 1 | PTC |
| 36207HS32 | 432638X | SF | 19960501 | 7.500 | 20260515 | 4,605,151.00 | 2,803,343.40 | 8.000 | 36 | 320 | 1 | PTC |
| 36207H2G1 | 432875X | SF | 19960601 | 7.500 | 20260615 | 1,114,240.00 | 616,163.11 | 8.000 | 34 | 322 | 1 | PTC |
| 36207H6G7 | 432971X | SF | 19961201 | 7.500 | 20261215 | 293,038.00 | 198,765.52 | 8.000 | 28 | 329 | 1 | PTC |
| 36207JBY8 | 433055X | SF | 19960701 | 7.500 | 20260615 | 2,541,050.00 | 1,487,210.37 | 8.000 | 34 | 321 | 1 | PTC |
| 36207JHJ5 | 433233X | SF | 19961201 | 7.500 | 20261215 | 515,113.00 | 272,916.96 | 8.000 | 29 | 327 | 1 | PTC |
| 36207JHZ9 | 433248X | SF | 19961001 | 7.500 | 20260915 | 2,318,262.00 | 1,335,722.20 | 8.000 | 31 | 323 | 1 | PTC |
| 36207JNN9 | 433397X | SF | 19970101 | 7.500 | 20270115 | 381,097.00 | 247,074.96 | 8.000 | 28 | 327 | 1 | PTC |
| 36207JNT6 | 433402X | SF | 19970201 | 7.500 | 20270215 | 1,359,375.00 | 799,158.67 | 8.000 | 27 | 328 | 1 | PTC |
| 36207JP98 | 433448X | SF | 19970201 | 7.500 | 20270215 | 1,775,412.00 | 1,227,345.10 | 8.000 | 26 | 330 | 1 | PTC |
| 36207JSS3 | 433529X | SF | 19980101 | 7.500 | 20280115 | 371,127.00 | 237,528.57 | 8.000 | 16 | 343 | 1 | PTC |
| 36207JUV3 | 433596X | SF | 19980201 | 7.500 | 20280215 | 3,108,560.00 | 2,028,453.77 | 8.000 | 15 | 344 | 1 | PTC |
| 36207JV26 | 433633X | SF | 19980301 | 7.500 | 20280315 | 2,780,508.00 | 2,009,853.45 | 8.000 | 14 | 345 | 1, | PTC |
| 36207MBL9 | 435743X | SF | 19970101 | 7.500 | 20270115 | 943,251.00 | 540,246.86 | 8.000 | 27 | 332 | 1 | PTC |
| 36207MBX | 435754X | SF | 19970101 | 7.500 | 20270115 | 839,260.00 | 556,349.59 | 8.000 | 27 | 330 | 1 | PTC |
| 36207MCC | 435767X | SF | 19970201 | 7.500 | 20270215 | 4,122,577.00 | 2,215,615.93 | 8.000 | 26 | 330 | 1 | PTC |
| 36207MEG | 435835X | SF | 19970401 | 7.500 | 20270415 | 1,283,606.00 | 774,322.97 | 8.000 | 24 | 334 | 1 | PTC |
| 36207MFY7 | 435883X | SF | 19970601 | 7.500 | 20270615 | 438,512.00 | 214,032.74 | 8.000 | 22 | 337 | 1 | PTC |
| 36207MNU | 436103X | SF | 19980101 | 7.500 | 20280115 | 978,695.00 | 696,436.22 | 8.000 | 16 | 342 | 1 | PTC |
| 36207MSF4 | 436218X | SF | 19980201 | 7.500 | 20280215 | 1,587,418.00 | 1,246,980.75 | 8.000 | 15 | 344 | 1 | PTC |
| 36207MTX | 436266X | SF | 19980301 | 7.500 | 20280315 | 9,399,229.00 | 6,248,819.20 | 8.000 | 14 | 344 | 1 | PTC |
| 36207M6D3 | 436568X | SF | 19970101 | 7.500 | 20270115 | 370,000.00 | 237,619.09 | 8.000 | 28 | 328 | 1 | PTC |
| 36207NFZ2 | 436784X | SF | 19970501 | 7.500 | 20270515 | 2,089,069.00 | 1,498,063.59 | 8.000 | 24 | 333 | 1 | PTC |
| 36207N2X1 | 437390X | SF | 19971101 | 7.500 | 20271115 | 25,680.00 | 16,046.04 | 8.000 | 19 | 339 | 1 | PTC |
| 36207PSA8 | 438013X | SF | 19961201 | 7.500 | 20261215 | 578,818.00 | 365,332.79 | 8.000 | 28 | 332 | 1 | PTC |
| 36207QKY2 | 438711X | SF | 19970401 | 7.500 | 20270415 | 2,036,603.00 | 1,270,873.06 | 8.000 | 24 | 330 | 1 | PTC |
| 36207QWU | 439059X | SF | 19970301 | 7.500 | 20270315 | 353,500.00 | 243,514.65 | 8.000 | 25 | 330 | 1 | PTC |
| 36207QZD2 | 439140X | SF | 19961201 | 7.500 | 20261215 | 29,462.00 | 16,058.88 | 8.000 | 28 | 326 | 1 | PTC |
| 36207QZV2 | 439156X | SF | 19970201 | 7.500 | 20270215 | 653,827.00 | 482,062.36 | 8.000 | 26 | 324 | 1 | PTC |
| 36207RFK6 | 439470X | SF | 19961201 | 7.500 | 20261215 | 2,368,425.00 | 1,418,183.07 | 8.000 | 28 | 327 | 1 | PTC |
| 36207RFW0 | 439481X | SF | 19970101 | 7.500 | 20270115 | 2,258,363.00 | 1,357,177.65 | 8.000 | 27 | 329 | 1 | PTC |
| 36207RMR | 439668X | SF | 19961001 | 7.500 | 20261015 | 2,454,078.00 | 1,397,513.47 | 8.000 | 31 | 325 | 1 | PTC |
| 36207SG49 | 440419X | SF | 19970401 | 7.500 | 20270415 | 591,439.00 | 275,301.09 | 8.000 | 25 | 332 | 1 | PTC |
| 36207SK93 | 440520X | SF | 19970101 | 7.500 | 20270115 | 3,298,597.00 | 2,270,272.12 | 8.000 | 27 | 326 | 1 | PTC |
| 36207S2Y8 | 440991X | SF | 19961001 | 7.500 | 20261015 | 455,741.00 | 295,365.04 | 8.000 | 30 | 326 | 1 | PTC |
| 36207TE23 | 441253X | SF | 19961001 | 7.500 | 20261015 | 629,486.00 | 357,523.49 | 8.000 | 30 | 325 | 1 | PTC |
| 36207TG62 | 441321X | SF | 19961101 | 7.500 | 20261115 | 26,074.00 | 14,235.79 | 8.000 | 29 | 329 | 1 | PTC |
| 36207T4Y4 | 441939X | SF | 19961201 | 7.500 | 20261215 | 733,239.00 | 393,074.58 | 8.000 | 28 | 327 | 1 | PTC |
| 36207UD88 | 442127X | SF | 19961101 | 7.500 | 20261115 | 29,459.00 | 16,003.95 | 8.000 | 30 | 326 | 1 | PTC |
| 36207UEE4 | 442133X | SF | 19961101 | 7.500 | 20261115 | 5,581,289.00 | 3,319,675.13 | 8.000 | 30 | 326 | 1 | PTC |
| 36207UGA0 | 442193X | SF | 19961201 | 7.500 | 20261215 | 3,407,958.00 | 1,954,779.66 | 8.000 | 28 | 326 | 1 | PTC |
| 36207UJ74 | 442286X | SF | 19970101 | 7.500 | 20270115 | 1,152,362.00 | 690,868.84 | 8.000 | 28 | 327 | 1 | PTC |
| 36207UQV3 | 442468X | SF | 19970301 | 7.500 | 20270315 | 354,148.00 | 216,347.49 | 8.000 | 26 | 331 | 1 | PTC |
| 36207UW79 | 442670X | SF | 19970301 | 7.500 | 20270315 | 629,536.00 | 393,058.30 | 8.000 | 25 | 331 | 1 | PTC |
| 36207V6K7 | 443774X | SF | 19971201 | 7.500 | 20271215 | 403,907.00 | 264,310.54 | 8.000 | 17 | 341 | 1 | PTC |
| 36207V6U5 | 443783X | SF | 19971201 | 7.500 | 20271215 | 1,043,247.00 | 616,108.34 | 8.000 | 17 | 340 | 1 | PTC |
| 36207WW6 | 444469X | SF | 19970701 | 7.500 | 20270715 | 1,062,470.00 | 752,599.62 | 8.000 | 21 | 337 | 1 | PTC |
| 36207XS94 | 445244X | SF | 19971101 | 7.500 | 20271115 | 1,006,831.00 | 585,136.40 | 8.000 | 17 | 343 | 1 | PTC |
| 36207XYJ5 | 445413X | SF | 19970201 | 7.500 | 20270215 | 468,706.00 | 290,919.57 | 8.000 | 26 | 331 | 1 | PTC |
| 36207YBJ8 | 445641X | SF | 19970501 | 7.500 | 20270515 | 404,600.00 | 251,105.77 | 8.000 | 23 | 335 | 1 | PTC |
| 36207YE63 | 445757X | SF | 19970301 | 7.500 | 20270315 | 315,529.00 | 225,936.74 | 8.000 | 25 | 332 | 1 | PTC |
| 36207YQC7 | 446051X | SF | 19970401 | 7.500 | 20270415 | 268,313.00 | 213,996.80 | 8.000 | 24 | 330 | 1 | PTC |
| 36208CNS2 | 446901X | SF | 19970401 | 7.500 | 20270415 | 362,171.00 | 270,230.03 | 8.000 | 24 | 333 | 1 | PTC |
| 36208CPE1 | 446921X | SF | 19970601 | 7.500 | 20270615 | 351,624.00 | 251,278.64 | 8.000 | 23 | 321 | 1 | PTC |
| 36208CWV | 447160X | SF | 19970501 | 7.500 | 20270515 | 5,393,269.00 | 2,669,810.38 | 8.000 | 23 | 332 | 1 | PTC |
| 36208C7L5 | 447399X | SF | 19970701 | 7.500 | 20270715 | 465,255.00 | 253,556.10 | 8.000 | 22 | 334 | 1 | PTC |
| 36208DA54 | 447428X | SF | 19970701 | 7.500 | 20270715 | 2,905,620.00 | 2,110,436.91 | 8.000 | 21 | 334 | 1 | PTC |
| 36208DBA2 | 447433X | SF | 19970701 | 7.500 | 20270715 | 982,221.00 | 600,977.66 | 8.000 | 21 | 336 | 1 | PTC |
| 36208DB38 | 447458X | SF | 19970301 | 7.500 | 20270315 | 1,349,444.00 | 804,166.94 | 8.000 | 25 | 331 | 1 | PTC |
| 36208DFW | 447581X | SF | 19970501 | 7.500 | 20270515 | 432,287.00 | 281,816.40 | 8.000 | 23 | 333 | 1 | PTC |
| 36208DJ97 | 447688X | SF | 19970701 | 7.500 | 20270715 | 812,327.00 | 504,793.16 | 8.000 | 22 | 335 | 1 | PTC |
| 36208ETX1 | 448866X | SF | 19971001 | 7.500 | 20271015 | 1,314,938.00 | 877,238.49 | 8.000 | 19 | 337 | 1 | PTC |
| 36208EW25 | 448965X | SF | 19970801 | 7.500 | 20270815 | 1,735,762.00 | 1,018,704.68 | 8.000 | 21 | 336 | 1 | PTC |

GNMA-1999-012-@FDS

Schedule A

| CUSIP | Pool Number/ Pool Suffix | Pool Type | Issue Date | Certificate Rate | Maturity Date | Original Principal Balance | Current Principal Balance | Current WAC | Current WALA | Current WARM | Group ID | Depository Institution |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 36208E6W8 | 449185X | SF | 19971001 | 7.500 | 20271015 | 2,922,252.00 | 1,948,751.29 | 8.000 | 19 | 339 | 1 | PTC |
| 36208FAF7 | 449206X | SF | 19980101 | 7.500 | 20280115 | 2,687,854.00 | 1,974,325.20 | 8.000 | 17 | 340 | 1 | PTC |
| 36208GQ43 | 450575X | SF | 19970601 | 7.500 | 20270615 | 2,845,650.00 | 1,847,953.61 | 8.000 | 22 | 335 | 1 | PTC |
| 36208HLB0 | 451322X | SF | 19970701 | 7.500 | 20270715 | 2,039,432.00 | 1,330,952.45 | 8.000 | 22 | 334 | 1 | PTC |
| 36208HSL1 | 451523X | SF | 19971001 | 7.500 | 20271015 | 305,018.00 | 219,458.63 | 8.000 | 18 | 339 | 1 | PTC |
| 36208HTY2 | 451567X | SF | 19970701 | 7.500 | 20270715 | 433,785.00 | 280,793.74 | 8.000 | 21 | 337 | 1 | PTC |
| 36208HUL8 | 451587X | SF | 19970801 | 7.500 | 20270815 | 372,606.00 | 259,041.92 | 8.000 | 20 | 337 | 1 | PTC |
| 36208J3C4 | 452695X | SF | 19971101 | 7.500 | 20271015 | 1,058,127.00 | 585,814.42 | 8.000 | 18 | 340 | 1 | PTC |
| 36208KE47 | 452955X | SF | 19971201 | 7.500 | 20271215 | 391,468.00 | 263,064.34 | 8.000 | 16 | 342 | 1 | PTC |
| 36208KR43 | 453307X | SF | 19970901 | 7.500 | 20270915 | 363,957.00 | 220,038.45 | 8.000 | 19 | 339 | 1 | PTC |
| 36208KSP5 | 453326X | SF | 19970901 | 7.500 | 20270915 | 4,129,694.00 | 2,351,786.40 | 8.000 | 19 | 338 | 1 | PTC |
| 36208KTG4 | 453351X | SF | 19971001 | 7.500 | 20271015 | 357,876.00 | 226,392.87 | 8.000 | 19 | 339 | 1 | PTC |
| 36208KT33 | 453370X | SF | 19971001 | 7.500 | 20271015 | 446,715.00 | 260,295.36 | 8.000 | 18 | 337 | 1 | PTC |
| 36208K4T3 | 453634X | SF | 19970901 | 7.500 | 20270915 | 532,051.00 | 389,137.83 | 8.000 | 19 | 339 | 1 | PTC |
| 36208MFT7 | 454778X | SF | 19970901 | 7.500 | 20270815 | 688,335.00 | 350,599.21 | 8.000 | 20 | 338 | 1 | PTC |
| 36208M4R3 | 455432X | SF | 19970801 | 7.500 | 20270815 | 28,356.00 | 11,009.53 | 8.000 | 20 | 333 | 1 | PTC |
| 36208NAR4 | 455516X | SF | 19970901 | 7.500 | 20270915 | 387,582.00 | 204,156.23 | 8.000 | 20 | 338 | 1 | PTC |
| 36208PEN4 | 456541X | SF | 19970901 | 7.500 | 20270915 | 2,692,046.00 | 1,817,086.85 | 8.000 | 19 | 339 | 1 | PTC |
| 36208PKY3 | 456711X | SF | 19980301 | 7.500 | 20280315 | 2,108,099.00 | 1,204,722.97 | 8.000 | 14 | 337 | 1 | PTC |
| 36208PLK2 | 456730X | SF | 19980301 | 7.500 | 20280315 | 1,348,657.00 | 865,737.78 | 8.000 | 13 | 346 | 1 | PTC |
| 36208P4W5 | 457237X | SF | 19971001 | 7.500 | 20271015 | 2,457,401.00 | 1,754,344.42 | 8.000 | 18 | 337 | 1 | PTC |
| 36208QDZ6 | 457420X | SF | 19970901 | 7.500 | 20270915 | 499,472.00 | 273,784.40 | 8.000 | 19 | 340 | 1 | PTC |
| 36208QD94 | 457428X | SF | 19970901 | 7.500 | 20270915 | 409,674.00 | 252,827.34 | 8.000 | 19 | 339 | 1 | PTC |
| 36208RCZ5 | 458288X | SF | 19971001 | 7.500 | 20271015 | 25,859.00 | 16,479.38 | 8.000 | 19 | 340 | 1 | PTC |
| 36208RR89 | 458711X | SF | 19971101 | 7.500 | 20271115 | 535,213.00 | 387,061.39 | 8.000 | 17 | 330 | 1 | PTC |
| 36208RST2 | 458730X | SF | 19971101 | 7.500 | 20271115 | 380,970.00 | 294,803.72 | 8.000 | 17 | 337 | 1 | PTC |
| 36208S4T6 | 459934X | SF | 19980201 | 7.500 | 20280215 | 2,497,668.00 | 2,055,340.21 | 8.000 | 15 | 344 | 1 | PTC |
| 36208TWG | 460647X | SF | 19971201 | 7.500 | 20271215 | 31,504.00 | 16,581.67 | 8.000 | 16 | 342 | 1 | PTC |
| 36208UHQ3 | 461139X | SF | 19971201 | 7.500 | 20271215 | 826,511.00 | 426,348.01 | 8.000 | 16 | 343 | 1 | PTC |
| 36208UJN8 | 461169X | SF | 19971201 | 7.500 | 20271215 | 804,639.00 | 484,420.04 | 8.000 | 16 | 339 | 1 | PTC |
| 36208UW86 | 461571X | SF | 19971101 | 7.500 | 20271115 | 3,677,299.00 | 2,426,189.10 | 8.000 | 17 | 340 | 1 | PTC |
| 36209EEP3 | 469142X | SF | 19980301 | 7.500 | 20280215 | 495,000.00 | 224,982.54 | 8.000 | 14 | 344 | 1 | PTC |
| 36209KXT0 | 474190X | SF | 19980501 | 7.500 | 20280515 | 559,275.00 | 341,945.32 | 8.000 | 13 | 338 | 1 | PTC |
| 36225ART9 | 780498X | SP | 19970101 | 7.500 | 20270115 | 23,699,360.00 | 14,229,731.60 | 8.000 | 39 | 320 | 1 | PTC |
| 36225ATB6 | 780546X | SP | 19970401 | 7.500 | 20270415 | 15,249,262.00 | 9,821,904.02 | 8.000 | 30 | 329 | 1 | PTC |
| 36225AUD0 | 780580X | SP | 19970601 | 7.500 | 20270615 | 8,166,202.00 | 5,090,159.07 | 8.000 | 28 | 331 | 1 | PTC |
| 36225AYM | 780716X | SP | 19980201 | 7.500 | 20280215 | 2,932,754.00 | 1,956,403.27 | 8.000 | 31 | 326 | 1 | PTC |

|  |  |  |  |  |  | 333,661,243.00 | 200,032,000.94 |  |  |  |  |  |

**Offering Circular Supplement**
**(To Base Offering Circular dated March 1, 1999)**

Schedule B

## $200,000,000

# Government National Mortgage Association

# GINNIE MAE®

### Guaranteed REMIC Pass-Through Securities
### and MX Securities
### Ginnie Mae REMIC Trust 1999-12



Ginnie Mae REMIC Trust 1999-12 Guaranteed REMIC Pass-Through Securities (the "Securities") represent interests in Ginnie Mae REMIC Trust 1999-12 (the "Trust"). The assets of the Trust (the "Trust Assets") consist primarily of Ginnie Mae Certificates guaranteed pursuant to Ginnie Mae programs for first lien, single-family, fixed rate, residential mortgage loans (the "Trust MBS").

Guaranteed REMIC Pass-Through Securities ("REMIC Securities") specified herein may, upon notice and payment of an exchange fee, be exchanged for one or more Classes (each, an "MX Class") of Modifiable and Exchangeable Securities ("MX Securities") as described under "Description of the Securities—Modification and Exchange" herein. In addition, as described herein, Classes of MX Securities are exchangeable for one or more specified REMIC Classes. Unless the context requires otherwise, the term "Securities" includes REMIC Securities and MX Securities and the term "Classes" includes Classes of REMIC Securities and MX Securities.

The Classes listed in the table below and the MX Classes are offered pursuant to this Offering Circular Supplement and the Base Offering Circular. Unless indicated otherwise, capitalized terms used herein shall have the meanings assigned to them in the glossary attached as Appendix II to the Base Offering Circular. **For a discussion of certain material risks in connection with the purchase of the Securities, see "Risk Factors—Class Investment Considerations" on page S-12 of this Supplement.**

**GINNIE MAE GUARANTEES THE TIMELY PAYMENT OF PRINCIPAL AND INTEREST ON THE SECURITIES. THE GINNIE MAE GUARANTY IS BACKED BY THE FULL FAITH AND CREDIT OF THE UNITED STATES OF AMERICA. THE SECURITIES ARE EXEMPT FROM THE REGISTRATION REQUIREMENTS OF THE SECURITIES ACT OF 1933 AND CONSTITUTE EXEMPTED SECURITIES UNDER THE SECURITIES EXCHANGE ACT OF 1934.**

(Cover continued on next page)

| Class | Original Principal Balance(2) | Interest Rate | Principal Type(3) | Interest Type(3) | Final Distribution Date(4) | Weighted Average Life at 264% PSA (in years) (5) | CUSIP Number |
|---|---|---|---|---|---|---|---|
| A | $ 5,000,000 | 6.50% | SEQ | FIX | November 2027 | 3.8 | 3837H14G3 |
| AB | 5,000,000 | 6.00 | SEQ | FIX | November 2027 | 3.8 | 3837H14H1 |
| AC | 40,125,714 | 6.25 | SEQ | FIX | November 2027 | 3.8 | 3837H14J7 |
| B(1) | 2,500,000 | 6.25 | SEQ | FIX | May 2028 | 12.0 | 3837H14K4 |
| C(1) | 1,500,000 | 6.25 | SEQ | FIX | September 2028 | 14.0 | 3837H14L2 |
| D(1) | 1,500,000 | 6.25 | SEQ | FIX | January 2029 | 16.3 | 3837H14M0 |
| FA | 72,857,143 | (6) | SEQ | FLT | April 2029 | 4.7 | 3837H14N8 |
| FC | 50,000,000 | (6) | SEQ | FLT | April 2029 | 6.2 | 3837H14P3 |
| FD | 20,000,000 | (6) | SEQ | FLT | February 2029 | 4.9 | 3837H14Q1 |
| G(1) | 1,517,143 | 6.25 | SEQ | FIX | April 2029 | 21.0 | 3837H14R9 |
| SA | 142,857,143 | (6) | NTL(STP) | INV/IO | April 2029 | 5.2 | 3837H14S7 |
| **Residual** | | | | | | | |
| RR | 0 | 0.00 | NPR | NPR | April 2029 | — | 3837H14X6 |

(1) Denotes a Class which is exchangeable for an MX Class. See Exhibit A to this Supplement for a description of the MX Class.
(2) Subject to increase as described under "Increase in Size" in this Supplement. The amount shown for the Notional Class (indicated by "NTL" under Principal Type) is its original Class Notional Balance and does not represent principal that will be paid.
(3) As defined under "Class Types" in Appendix I to the Base Offering Circular. The type of Class with which the Class Notional Balance of Class SA will be reduced is indicated in parentheses.
(4) See "Yield, Maturity and Prepayment Considerations—Final Distribution Date" in this Supplement.
(5) Determined as described under "Yield, Maturity and Prepayment Considerations" in this Supplement. Prepayments will not occur at the assumed rate shown or at any other constant rate, and the actual Weighted Average Lives of any or all of the Classes are likely to differ from those shown, perhaps significantly.
(6) The Floating Rate and Interest Only Inverse Floating Rate Classes will bear interest as described under "Terms Sheet—Interest Rates" in this Supplement.

The Securities are being offered by Salomon Smith Barney Inc. (the "Sponsor") and Blaylock & Partners, L.P. (the "Co-Sponsor") from time to time in negotiated transactions at varying prices to be determined at the time of sale, plus accrued interest from April 1, 1999, on the Fixed Rate Classes and from April 16, 1999, on the Floating Rate and Interest Only Inverse Floating Rate Classes.

The Securities are offered subject to receipt and acceptance by the Sponsor, to prior sale and to the Sponsor's right to reject any order in whole or in part and to withdraw, cancel or modify the offer without notice. It is expected that the Regular Securities will be ready for delivery in Book-Entry Form through the facilities of the Book-Entry Depository (as defined herein) and that the Residual Securities will be delivered in certificated form to the offices of the Sponsor in New York, New York, on or about April 30, 1999.

# Salomon Smith Barney                    Blaylock & Partners, L.P.

The date of this Offering Circular Supplement is April 26, 1999.

Schedule C

## GINNIE MAE REMIC TRUST 1999-12
## TERMS SHEET

This terms sheet (the "Terms Sheet") contains selected information for quick reference only. Prospective investors should read this Supplement, particularly "Risk Factors—Class Investment Considerations," and the Base Offering Circular for further information.

**Sponsor:** Salomon Smith Barney Inc.

**Trustee:** State Street Bank and Trust Company

**Tax Administrator:** The Trustee

**Closing Date:** April 30, 1999

**Distribution Date:** The 16th day of each month or, if the 16th day is not a Business Day, the first Business Day thereafter, commencing in May 1999.

**Trust Assets:**

| Trust Asset Type | Certificate Rate | Original Term To Maturity (in years) |
|---|---|---|
| Ginnie Mae I | 7.5% | 30 |

**Trustee Fee:** 32/200,032 of all principal and interest distributions on the Trust Assets.

**Assumed Mortgage Loan Characteristics of the Mortgage Loans Underlying the Trust Assets (as of April 1, 1999):**

| Principal Balance* | Weighted Average Remaining Term to Maturity (in months) | Weighted Average Loan Age (in months) | Mortgage Rate |
|---|---|---|---|
| $170,027,200 | 330 | 24 | 8.0% |
| $ 30,004,800 | 279 | 72 | 8.0% |
| $200,032,000 | | | |

The actual remaining terms to maturity and loan ages of many of the Mortgage Loans will differ from the weighted averages shown above, perhaps significantly. See "The Trust Assets—The Mortgage Loans" in this Supplement.

**Modeling Assumptions:** Set forth under "Yield, Maturity and Prepayment Considerations" in this Supplement.

**Modification and Exchange:** Beneficial Owners of certain Classes of REMIC Securities will be entitled, upon notice and payment of an exchange fee, to exchange all or a portion of such Classes for a proportionate interest in the related MX Class as shown on Exhibit A to this Supplement. Similarly, Beneficial Owners of an MX Class will be entitled, upon like notice and payment of an exchange fee, to exchange all or a portion of such Class for proportionate interests in the related Classes of REMIC Securities. Each MX Security will represent a proportionate beneficial ownership interest in, and will entitle the Holder thereof to receive a proportionate share of the distributions on, the related Classes of REMIC Securities. See "Description of the Securities—Modification and Exchange" in this Supplement. Exhibit A to this Supplement sets forth the available combinations of the Classes of REMIC Securities and the related MX Classes.

**Increased Minimum Denomination Classes:** Each REMIC Class that constitutes an Interest Only Inverse Floating Rate Class.

**Interest Rates:** The Interest Rates for the Fixed Rate Classes are shown on the cover page of this Supplement.

S-4

The Floating Rate and Interest Only Inverse Floating Rate Classes will bear interest at per annum rates based on one-month LIBOR (hereinafter referred to as "LIBOR") as follows:

| Class | Interest Rate Formula(1) | Initial Interest Rate(2) | Minimum Rate | Maximum Rate | Delay (in days) |
|---|---|---|---|---|---|
| FA, FC and FD .... | LIBOR + 0.30% | 5.2387% | 0.30% | 8.00% | 0 |
| SA ............... | 7.70% – LIBOR | 2.7613% | 0.00% | 7.70% | 0 |

(1)  LIBOR will be established on the basis of the BBA LIBOR method, as described under "Description of the Securities—Interest Distributions—Floating Rate and Interest Only Inverse Floating Rate Classes" herein.
(2)  The initial Interest Rate will be in effect during the first Accrual Period; the Interest Rate will adjust monthly thereafter.

**Allocation of Principal:**  On each Distribution Date, 32/200,032 of the Principal Distribution Amount will be applied to the Trustee Fee, and the remaining 200,000/200,032 of the Principal Distribution Amount (the "Adjusted Principal Distribution Amount") will be allocated in the following order of priority:

- Concurrently,

  1. 28.5714285% in the following order of priority:
     a. To A, AB and AC, pro rata, until retired
     b. Sequentially, to B, C, D and G, in that order, until retired

  2. 71.4285715% in the following order of priority:
     a. Concurrently, 85.7200000143% to FA and 14.2799999857% to FD, until $23,809,523.83 has been distributed according to this rule
     b. Concurrently, 43.7200000563% to FA, 41.9999999580% to FC and 14.2799999857% to FD, until FD is retired
     c. To FA and FC, pro rata, based on their then outstanding balances, until retired.

**MX Classes:**  On any Distribution Date when distributions of principal are to be allocated from REMIC Securities to MX Securities, such distributions will be allocated from the applicable Classes of REMIC Securities to the related MX Class.

**Notional Class:**  The Notional Class will not receive distributions of principal but has a Class Notional Balance for convenience in describing its entitlement to interest. The Class Notional Balance of the Notional Class represents the percentage indicated below of, and reduces to that extent with, the Class Principal Balances indicated:

| Class | Original Class Notional Balance | Represents |
|---|---|---|
| SA............................. | $ 72,857,143 | 100% of FA (SEQ Class) |
| | 50,000,000 | 100% of FC (SEQ Class) |
| | 20,000,000 | 100% of FD (SEQ Class) |
| | $142,857,143 | |

**Weighted Average Lives (years)** *

<u>Classes</u>

| | | PSA Prepayment Assumption | | | | |
|---|---|---|---|---|---|---|
| | | 0% | 100% | 264% | 375% | 550% |
| A, AB and AC | | 19.2 | 8.4 | 3.8 | 2.7 | 1.8 |
| B | | 28.8 | 21.6 | 12.0 | 8.5 | 5.6 |
| C | | 29.2 | 23.3 | 14.0 | 10.0 | 6.6 |
| D | | 29.5 | 24.8 | 16.3 | 11.8 | 7.8 |
| FA | | 18.7 | 9.1 | 4.7 | 3.3 | 2.2 |
| FC | | 23.2 | 12.1 | 6.2 | 4.4 | 2.9 |
| FD | | 20.3 | 9.9 | 4.9 | 3.5 | 2.3 |
| G | | 29.8 | 26.6 | 21.0 | 16.3 | 11.0 |
| MA† | | 29.3 | 23.7 | 15.3 | 11.2 | 7.5 |
| MB† | | 29.0 | 22.2 | 12.7 | 9.1 | 6.0 |
| MC† | | 29.7 | 25.7 | 18.7 | 14.1 | 9.5 |
| MD† | | 29.4 | 24.0 | 15.1 | 10.9 | 7.2 |
| SA** | | 20.5 | 10.3 | 5.2 | 3.7 | 2.5 |

* Determined as described under "Yield, Maturity and Prepayment Considerations" in this Supplement. Prepayments will not occur at any assumed rate shown or at any other constant rates, and the actual Weighted Average Lives of any or all of the Classes are likely to differ from those shown, perhaps significantly.

** The information shown for the Notional Class is for illustrative purposes only.

† MX Class.

**Tax Status:** Double REMIC Series. See "Certain Federal Income Tax Consequences" in this Supplement and in the Base Offering Circular.

**Regular and Residual Classes:** Class RR is a Residual Class and includes the Issuing REMIC and the Pooling REMIC; all other Classes of Securities are Regular Classes.

**Suitability:** The Securities of any Class may not be suitable investments for all investors. The Sponsor intends to make a market for the Securities but is not obligated to do so. There can be no assurance that such a secondary market will develop or, if developed, that it will continue. Thus, investors may not be able to sell their Securities readily or at prices that will enable them to realize their anticipated yield. The market values of the Securities are likely to fluctuate. The fluctuations may be significant and could result in significant losses to investors. No investor should purchase Securities of any Class unless the investor understands and is able to bear (i) the prepayment and yield risks associated with that Class and (ii) the risk that the value of such Securities will fluctuate over time and that such Securities may not be readily salable. Each investor is urged to consult with its investment advisor regarding whether the Securities are an appropriate investment for such investor.

Exhibit A

GOVERNMENT NATIONAL MORTGAGE ASSOCIATION
GUARANTEED REMIC PASS-THROUGH SECURITY
GINNIE MAE REMIC TRUST 1999-12 (THE "TRUST")
CLASS A

**THE GOVERNMENT NATIONAL MORTGAGE ASSOCIATION, PURSUANT TO SECTION 306(g) OF THE NATIONAL HOUSING ACT, GUARANTEES THE TIMELY PAYMENT OF PRINCIPAL AND INTEREST ON THIS SECURITY IN ACCORDANCE WITH THE TERMS AND CONDITIONS SET FORTH HEREIN AND IN THE RELATED TRUST AGREEMENT. THE FULL FAITH AND CREDIT OF THE UNITED STATES OF AMERICA IS PLEDGED TO THE PAYMENT OF ALL AMOUNTS THAT MAY BE REQUIRED TO BE PAID UNDER THIS GUARANTY.**

**THIS SECURITY REPRESENTS A REGULAR INTEREST IN A REMIC FOR FEDERAL INCOME TAX PURPOSES.**

CLASS: A

CLOSING DATE: April 30, 1999

MONTH OF FINAL DISTRIBUTION
DATE: November 2027

TRUSTEE: State Street Bank and Trust Company

SPONSOR: Salomon Smith Barney Inc.

NO. 1

CUSIP NO.: 3837H14G3

INITIAL FORM OF ISSUANCE: Book-Entry

INTEREST RATE: 6.50%

CLASS PRINCIPAL BALANCE OF ALL CLASS A
SECURITIES AS OF CLOSING
DATE: $5,000,000

DENOMINATION: $5,000,000

Exhibit AB

GOVERNMENT NATIONAL MORTGAGE ASSOCIATION
GUARANTEED REMIC PASS-THROUGH SECURITY
GINNIE MAE REMIC TRUST 1999-12 (THE "TRUST")
CLASS AB

**THE GOVERNMENT NATIONAL MORTGAGE ASSOCIATION, PURSUANT TO SECTION 306(g) OF THE NATIONAL HOUSING ACT, GUARANTEES THE TIMELY PAYMENT OF PRINCIPAL AND INTEREST ON THIS SECURITY IN ACCORDANCE WITH THE TERMS AND CONDITIONS SET FORTH HEREIN AND IN THE RELATED TRUST AGREEMENT. THE FULL FAITH AND CREDIT OF THE UNITED STATES OF AMERICA IS PLEDGED TO THE PAYMENT OF ALL AMOUNTS THAT MAY BE REQUIRED TO BE PAID UNDER THIS GUARANTY.**

**THIS SECURITY REPRESENTS A REGULAR INTEREST IN A REMIC FOR FEDERAL INCOME TAX PURPOSES.**

CLASS: AB

CLOSING DATE: April 30, 1999

MONTH OF FINAL DISTRIBUTION
DATE: November 2027

TRUSTEE: State Street Bank and Trust Company

SPONSOR: Salomon Smith Barney Inc.

NO. 1

CUSIP NO.: 3837H14H1

INITIAL FORM OF ISSUANCE: Book-Entry

INTEREST RATE: 6.00%

CLASS PRINCIPAL BALANCE OF ALL CLASS AB SECURITIES AS OF CLOSING DATE: $5,000,000

DENOMINATION: $5,000,000

Exhibit AC

GOVERNMENT NATIONAL MORTGAGE ASSOCIATION
GUARANTEED REMIC PASS-THROUGH SECURITY
GINNIE MAE REMIC TRUST 1999-12 (THE "TRUST")
CLASS AC

**THE GOVERNMENT NATIONAL MORTGAGE ASSOCIATION, PURSUANT TO SECTION 306(g) OF THE NATIONAL HOUSING ACT, GUARANTEES THE TIMELY PAYMENT OF PRINCIPAL AND INTEREST ON THIS SECURITY IN ACCORDANCE WITH THE TERMS AND CONDITIONS SET FORTH HEREIN AND IN THE RELATED TRUST AGREEMENT. THE FULL FAITH AND CREDIT OF THE UNITED STATES OF AMERICA IS PLEDGED TO THE PAYMENT OF ALL AMOUNTS THAT MAY BE REQUIRED TO BE PAID UNDER THIS GUARANTY.**

**THIS SECURITY REPRESENTS A REGULAR INTEREST IN A REMIC FOR FEDERAL INCOME TAX PURPOSES.**

CLASS: AC

CLOSING DATE: April 30, 1999

MONTH OF FINAL DISTRIBUTION
DATE: November 2027

TRUSTEE: State Street Bank and Trust Company

SPONSOR: Salomon Smith Barney Inc.

NO. 1

CUSIP NO.: 3837H14J7

INITIAL FORM OF ISSUANCE: Book-Entry

INTEREST RATE: 6.25%

CLASS PRINCIPAL BALANCE OF ALL CLASS AC SECURITIES AS OF CLOSING DATE: $40,125,714

DENOMINATION: $40,125,714

Exhibit FA

GOVERNMENT NATIONAL MORTGAGE ASSOCIATION
GUARANTEED REMIC PASS-THROUGH SECURITY
GINNIE MAE REMIC TRUST 1999-12 (THE "TRUST")
CLASS FA

**THE GOVERNMENT NATIONAL MORTGAGE ASSOCIATION, PURSUANT TO SECTION 306(g) OF THE NATIONAL HOUSING ACT, GUARANTEES THE TIMELY PAYMENT OF PRINCIPAL AND INTEREST ON THIS SECURITY IN ACCORDANCE WITH THE TERMS AND CONDITIONS SET FORTH HEREIN AND IN THE RELATED TRUST AGREEMENT. THE FULL FAITH AND CREDIT OF THE UNITED STATES OF AMERICA IS PLEDGED TO THE PAYMENT OF ALL AMOUNTS THAT MAY BE REQUIRED TO BE PAID UNDER THIS GUARANTY.**

**THIS SECURITY REPRESENTS A REGULAR INTEREST IN A REMIC FOR FEDERAL INCOME TAX PURPOSES.**

CLASS: FA

CLOSING DATE: April 30, 1999

MONTH OF FINAL DISTRIBUTION
DATE: April 2029

TRUSTEE: State Street Bank and Trust Company

SPONSOR: Salomon Smith Barney Inc.

NO. 1

CUSIP NO.: 3837H14N8

INITIAL FORM OF ISSUANCE: Book-Entry

INITIAL INTEREST RATE: 5.2387%*
INTEREST RATE FORMULA: LIBOR + 0.30%

CLASS PRINCIPAL BALANCE OF ALL CLASS FA SECURITIES AS OF CLOSING
DATE: $72,857,143

DENOMINATION: $72,857,143

\*    The Initial Interest Rate will be in effect during the first Accrual Period; the Interest Rate will adjust monthly thereafter, subject to a minimum rate of 0.30% and a maximum rate of 8.00%.

Exhibit FC

GOVERNMENT NATIONAL MORTGAGE ASSOCIATION
GUARANTEED REMIC PASS-THROUGH SECURITY
GINNIE MAE REMIC TRUST 1999-12 (THE "TRUST")
CLASS FC

**THE GOVERNMENT NATIONAL MORTGAGE ASSOCIATION, PURSUANT TO SECTION 306(g) OF THE NATIONAL HOUSING ACT, GUARANTEES THE TIMELY PAYMENT OF PRINCIPAL AND INTEREST ON THIS SECURITY IN ACCORDANCE WITH THE TERMS AND CONDITIONS SET FORTH HEREIN AND IN THE RELATED TRUST AGREEMENT. THE FULL FAITH AND CREDIT OF THE UNITED STATES OF AMERICA IS PLEDGED TO THE PAYMENT OF ALL AMOUNTS THAT MAY BE REQUIRED TO BE PAID UNDER THIS GUARANTY.**

**THIS SECURITY REPRESENTS A REGULAR INTEREST IN A REMIC FOR FEDERAL INCOME TAX PURPOSES.**

CLASS: FC

CLOSING DATE: April 30, 1999

MONTH OF FINAL DISTRIBUTION
DATE: April 2029

TRUSTEE: State Street Bank and Trust Company

SPONSOR: Salomon Smith Barney Inc.

NO. 1

CUSIP NO.: 3837H14P3

INITIAL FORM OF ISSUANCE: Book-Entry

INITIAL INTEREST RATE: 5.2387%*
INTEREST RATE FORMULA: LIBOR + 0.30%

CLASS PRINCIPAL BALANCE OF ALL CLASS FC SECURITIES AS OF CLOSING
DATE: $50,000,000

DENOMINATION: $50,000,000

\*    The Initial Interest Rate will be in effect during the first Accrual Period; the Interest Rate will adjust monthly thereafter, subject to a minimum rate of 0.30% and a maximum rate of 8.00%.

Exhibit FD

GOVERNMENT NATIONAL MORTGAGE ASSOCIATION
GUARANTEED REMIC PASS-THROUGH SECURITY
GINNIE MAE REMIC TRUST 1999-12 (THE "TRUST")
CLASS FD

**THE GOVERNMENT NATIONAL MORTGAGE ASSOCIATION, PURSUANT TO SECTION 306(g) OF THE NATIONAL HOUSING ACT, GUARANTEES THE TIMELY PAYMENT OF PRINCIPAL AND INTEREST ON THIS SECURITY IN ACCORDANCE WITH THE TERMS AND CONDITIONS SET FORTH HEREIN AND IN THE RELATED TRUST AGREEMENT. THE FULL FAITH AND CREDIT OF THE UNITED STATES OF AMERICA IS PLEDGED TO THE PAYMENT OF ALL AMOUNTS THAT MAY BE REQUIRED TO BE PAID UNDER THIS GUARANTY.**

**THIS SECURITY REPRESENTS A REGULAR INTEREST IN A REMIC FOR FEDERAL INCOME TAX PURPOSES.**

CLASS: FD

CLOSING DATE: April 30, 1999

MONTH OF FINAL DISTRIBUTION
DATE: February 2029

TRUSTEE: State Street Bank and Trust Company

SPONSOR: Salomon Smith Barney Inc.

NO. 1

CUSIP NO.: 3837H14Q1

INITIAL FORM OF ISSUANCE: Book-Entry

INITIAL INTEREST RATE: 5.2387%*
INTEREST RATE FORMULA: LIBOR + 0.30%

CLASS PRINCIPAL BALANCE OF ALL CLASS FD SECURITIES AS OF CLOSING DATE: $20,000,000

DENOMINATION: $20,000,000

\*      The Initial Interest Rate will be in effect during the first Accrual Period; the Interest Rate will adjust monthly thereafter, subject to a minimum rate of 0.30% and a maximum rate of 8.00%.

Exhibit SA

GOVERNMENT NATIONAL MORTGAGE ASSOCIATION
GUARANTEED REMIC PASS-THROUGH SECURITY
GINNIE MAE REMIC TRUST 1999-12 (THE "TRUST")
CLASS SA

**THE GOVERNMENT NATIONAL MORTGAGE ASSOCIATION, PURSUANT TO SECTION 306(g) OF THE NATIONAL HOUSING ACT, GUARANTEES THE TIMELY PAYMENT OF PRINCIPAL AND INTEREST ON THIS SECURITY IN ACCORDANCE WITH THE TERMS AND CONDITIONS SET FORTH HEREIN AND IN THE RELATED TRUST AGREEMENT. THE FULL FAITH AND CREDIT OF THE UNITED STATES OF AMERICA IS PLEDGED TO THE PAYMENT OF ALL AMOUNTS THAT MAY BE REQUIRED TO BE PAID UNDER THIS GUARANTY.**

**THIS SECURITY REPRESENTS A REGULAR INTEREST IN A REMIC FOR FEDERAL INCOME TAX PURPOSES.**

**THE FOLLOWING INFORMATION IS PROVIDED SOLELY FOR PURPOSES OF APPLYING THE U.S. FEDERAL INCOME TAX ORIGINAL ISSUE DISCOUNT ("OID") RULES TO THIS SECURITY. THE ISSUE DATE OF THIS SECURITY IS APRIL 30, 1999. THE INITIAL PER ANNUM RATE OF INTEREST ON THIS SECURITY IS 2.7613%. ASSUMING THAT PRINCIPAL PAYMENTS ARE MADE ON THE MORTGAGE LOANS (AS DEFINED IN THE TRUST AGREEMENT) UNDERLYING THE GINNIE MAE CERTIFICATES AT 264% PSA (AS DEFINED IN THE OFFERING CIRCULAR SUPPLEMENT) AND THAT INTEREST ON THIS SECURITY WILL BE PAYABLE IN EACH PERIOD IN THE AMOUNT THAT WOULD BE PAYABLE UNDER THE TERMS OF THE GINNIE MAE CERTIFICATES IF THE VALUE OF LIBOR REMAINED CONSTANT OVER THE LIFE OF THIS SECURITY AND EQUALED [  ]%, THIS SECURITY HAS BEEN ISSUED WITH NO MORE THAN $[  ] OF OID PER $1,000 OF ORIGINAL NOTIONAL BALANCE (ROUNDED UP TO THE NEAREST $.01), THE YIELD TO MATURITY IS [  ]% AND THE AMOUNT OF OID ATTRIBUTABLE TO THE INITIAL SHORT ACCRUAL PERIOD IS NO MORE THAN $[  ] PER $1,000 OF INITIAL NOTIONAL BALANCE (ROUNDED UP TO THE NEAREST $.01), CALCULATED UNDER THE EXACT METHOD. NO REPRESENTATION IS MADE AS TO THE RATE AT WHICH PRINCIPAL AND INTEREST PAYMENTS WILL BE MADE ON THE MORTGAGE LOANS. THE ACTUAL YIELD TO MATURITY, PREPAYMENT EXPERIENCE, AND AMOUNT OF OID ALLOCABLE TO THE SHORT FIRST ACCRUAL PERIOD MAY DIFFER FROM THOSE SET FORTH ABOVE.**

CLASS: SA

CLOSING DATE: April 30, 1999

MONTH OF FINAL DISTRIBUTION
DATE: April 2029.

TRUSTEE: State Street Bank and Trust Company

SPONSOR: Salomon Smith Barney Inc.

NO. 1

CUSIP NO.: 3837H14S7

INITIAL FORM OF ISSUANCE: Book-Entry

INITIAL INTEREST RATE: 2.7613%*
INTEREST RATE FORMULA: 7.70% - LIBOR

CLASS NOTIONAL BALANCE OF ALL CLASS SA
SECURITIES AS OF CLOSING
DATE: $142,857,143

DENOMINATION: $142,857,143

---

*    The Initial Interest Rate will be in effect during the first Accrual Period; the Interest Rate will adjust monthly thereafter, subject to a minimum rate of 0.00% and a maximum rate of 7.70%.

GOVERNMENT NATIONAL MORTGAGE ASSOCIATION
GUARANTEED REMIC PASS-THROUGH SECURITY
GINNIE MAE REMIC TRUST 1999-12 (THE "TRUST")
CLASS RR

Exhibit RR

**THE GOVERNMENT NATIONAL MORTGAGE ASSOCIATION, PURSUANT TO SECTION 306(g) OF THE NATIONAL HOUSING ACT, GUARANTEES THE TIMELY PAYMENT OF PRINCIPAL AND INTEREST ON THIS SECURITY IN ACCORDANCE WITH THE TERMS AND CONDITIONS SET FORTH HEREIN AND IN THE RELATED TRUST AGREEMENT. THE FULL FAITH AND CREDIT OF THE UNITED STATES OF AMERICA IS PLEDGED TO THE PAYMENT OF ALL AMOUNTS THAT MAY BE REQUIRED TO BE PAID UNDER THIS GUARANTY.**

**NO TRANSFER OF THIS SECURITY IS PERMITTED WITHOUT THE WRITTEN CONSENT OF THE TRUSTEE. AS A CONDITION TO THAT CONSENT, ANY TRANSFEREE MUST DELIVER TO THE TRUSTEE A TRANSFER AFFIDAVIT. THE TRUSTEE SHALL NOT CONSENT TO ANY TRANSFER OF THIS SECURITY TO A "DISQUALIFIED ORGANIZATION" (AS DEFINED IN SECTION 860E(e)(5) OF THE INTERNAL REVENUE CODE), WHICH GENERALLY INCLUDES ANY ENTITY THAT WOULD BE EXEMPT FROM FEDERAL INCOME TAXATION (INCLUDING THE TAX ON UNRELATED BUSINESS TAXABLE INCOME) ON INCOME FROM THIS SECURITY. IN ADDITION NO TRANSFER OF LESS THAN ALL OF THE TRANSFEROR'S OWNERSHIP INTEREST IN THIS SECURITY SHALL BE CONSENTED TO BY THE TRUSTEE UNLESS THE TRANSFERRED INTEREST CAN BE EXPRESSED AS A SINGLE CONSTANT PERCENTAGE OF THE TRANSFEROR'S OWNERSHIP INTEREST IN THIS SECURITY.**

**THIS CLASS RR SECURITY REPRESENTS A RESIDUAL INTEREST IN EACH OF TWO REMICS FOR FEDERAL INCOME TAX PURPOSES.**

CLASS: RR

CLOSING DATE: April 30, 1999

MONTH OF FINAL DISTRIBUTION
DATE: April 2029

TRUSTEE: State Street Bank and Trust Company

SPONSOR: Salomon Smith Barney Inc.

TAX ADMINISTRATOR: State Street Bank and
Trust Company

NO. 1

CUSIP NO.: 3837H14X6

INTEREST RATE: 0.00%

ORIGINAL CLASS PRINCIPAL BALANCE OF
THE CLASS RR SECURITIES AS OF
THE CLOSING DATE: $0

DENOMINATION: $0

PERCENTAGE INTEREST: 100%

Exhibit RI

GOVERNMENT NATIONAL MORTGAGE ASSOCIATION
GUARANTEED REMIC PASS-THROUGH SECURITY
GINNIE MAE REMIC TRUST 1999-12 (THE "TRUST")
CLASS RI

**THE GOVERNMENT NATIONAL MORTGAGE ASSOCIATION, PURSUANT TO SECTION 306(g) OF THE NATIONAL HOUSING ACT, GUARANTEES THE TIMELY PAYMENT OF PRINCIPAL AND INTEREST ON THIS SECURITY IN ACCORDANCE WITH THE TERMS AND CONDITIONS SET FORTH HEREIN AND IN THE RELATED TRUST AGREEMENT. THE FULL FAITH AND CREDIT OF THE UNITED STATES OF AMERICA IS PLEDGED TO THE PAYMENT OF ALL AMOUNTS THAT MAY BE REQUIRED TO BE PAID UNDER THIS GUARANTY.**

**NO TRANSFER OF THIS SECURITY IS PERMITTED WITHOUT THE WRITTEN CONSENT OF THE TRUSTEE. AS A CONDITION TO THAT CONSENT, ANY TRANSFEREE MUST DELIVER TO THE TRUSTEE A TRANSFER AFFIDAVIT. THE TRUSTEE SHALL NOT CONSENT TO ANY TRANSFER OF THIS SECURITY TO A "DISQUALIFIED ORGANIZATION" (AS DEFINED IN SECTION 860E(e)(5) OF THE INTERNAL REVENUE CODE), WHICH GENERALLY INCLUDES ANY ENTITY THAT WOULD BE EXEMPT FROM FEDERAL INCOME TAXATION (INCLUDING THE TAX ON UNRELATED BUSINESS TAXABLE INCOME) ON INCOME FROM THIS SECURITY. IN ADDITION NO TRANSFER OF LESS THAN ALL OF THE TRANSFEROR'S OWNERSHIP INTEREST IN THIS SECURITY SHALL BE CONSENTED TO BY THE TRUSTEE UNLESS THE TRANSFERRED INTEREST CAN BE EXPRESSED AS A SINGLE CONSTANT PERCENTAGE OF THE TRANSFEROR'S OWNERSHIP INTEREST.**

**THIS CLASS RI SECURITY REPRESENTS A RESIDUAL INTEREST IN A REMIC FOR FEDERAL INCOME TAX PURPOSES.**

CLASS: RI

CLOSING DATE: April 30, 1999

MONTH OF FINAL DISTRIBUTION
DATE: April 2029

TRUSTEE: State Street Bank and Trust Company

SPONSOR: Salomon Smith Barney Inc.

TAX ADMINISTRATOR: Trustee

NO. 1

CUSIP NO.:

INTEREST RATE: 0.00%

CLASS PRINCIPAL BALANCE OF THE
CLASS RI SECURITIES AS OF THE
CLOSING DATE: $0

DENOMINATION: $0

PERCENTAGE INTEREST: 100%

Exhibit RP

GOVERNMENT NATIONAL MORTGAGE ASSOCIATION
GUARANTEED REMIC PASS-THROUGH SECURITY
GINNIE MAE REMIC TRUST 1999-12 (THE "TRUST")
CLASS RP

THE GOVERNMENT NATIONAL MORTGAGE ASSOCIATION, PURSUANT TO SECTION 306(g) OF
THE NATIONAL HOUSING ACT, GUARANTEES THE TIMELY PAYMENT OF PRINCIPAL AND
INTEREST ON THIS SECURITY IN ACCORDANCE WITH THE TERMS AND CONDITIONS SET
FORTH HEREIN AND IN THE RELATED TRUST AGREEMENT. THE FULL FAITH AND CREDIT OF
THE UNITED STATES OF AMERICA IS PLEDGED TO THE PAYMENT OF ALL AMOUNTS THAT
MAY BE REQUIRED TO BE PAID UNDER THIS GUARANTY.

NO TRANSFER OF THIS SECURITY IS PERMITTED WITHOUT THE WRITTEN CONSENT OF THE
TRUSTEE. AS A CONDITION TO THAT CONSENT, ANY TRANSFEREE MUST DELIVER TO THE
TRUSTEE A TRANSFER AFFIDAVIT. THE TRUSTEE SHALL NOT CONSENT TO ANY TRANSFER
OF THIS SECURITY TO A "DISQUALIFIED ORGANIZATION" (AS DEFINED IN SECTION 860E(e)(5)
OF THE INTERNAL REVENUE CODE), WHICH GENERALLY INCLUDES ANY ENTITY THAT
WOULD BE EXEMPT FROM FEDERAL INCOME TAXATION (INCLUDING THE TAX ON
UNRELATED BUSINESS TAXABLE INCOME) ON INCOME FROM THIS SECURITY. IN ADDITION
NO TRANSFER OF LESS THAN ALL OF THE TRANSFEROR'S OWNERSHIP INTEREST IN THIS
SECURITY SHALL BE CONSENTED TO BY THE TRUSTEE UNLESS THE TRANSFERRED
INTEREST CAN BE EXPRESSED AS A SINGLE CONSTANT PERCENTAGE OF THE TRANSFEROR'S
OWNERSHIP INTEREST.

THIS CLASS RP SECURITY REPRESENTS A RESIDUAL INTEREST IN A REMIC FOR FEDERAL
INCOME TAX PURPOSES.

CLASS: RP

CLOSING DATE: April 30, 1999

MONTH OF FINAL DISTRIBUTION
DATE: April 2029

TRUSTEE: State Street Bank and Trust Company

SPONSOR: Salomon Smith Barney Inc.

TAX ADMINISTRATOR: Trustee

NO. 1

CUSIP NO.:

INTEREST RATE: 0.00%

CLASS PRINCIPAL BALANCE OF THE
CLASS RP SECURITIES AS OF THE
CLOSING DATE: $0

DENOMINATION: $0

PERCENTAGE INTEREST: 100%

# EXHIBIT B

**STANDARD TRUST PROVISIONS
FOR REMIC TRUSTS**

GOVERNMENT NATIONAL MORTGAGE ASSOCIATION

GUARANTEED REMIC PASS-THROUGH SECURITIES

August 1, 1998 Edition

## TABLE OF CONTENTS

Page

### ARTICLE I

### ESTABLISHMENT OF TRUST

| | | |
|---|---|---|
| Section 1.01 | *Establishment of Trust* | 1 |
| Section 1.02 | *Sale of Trust Assets* | 1 |
| Section 1.03 | *Designation of REMIC Assets* | 1 |
| Section 1.04 | *Registration of Trust Assets* | 1 |
| Section 1.05 | *Delivery of Securities* | 2 |
| Section 1.06 | *Board Approval of Trust Agreement* | 2 |

### ARTICLE II

### THE SECURITIES

| | | |
|---|---|---|
| Section 2.01 | *The Securities* | 2 |
| Section 2.02 | *Registration of Transfer and Exchange of Securities* | 3 |
| Section 2.03 | *Mutilated, Destroyed, Lost or Stolen Securities* | 4 |
| Section 2.04 | *Special Transfer Restrictions Relating to Residual Interests* | 4 |
| Section 2.05 | *Residual Interest Securities* | 5 |
| Section 2.06 | *Voting Rights* | 6 |

### ARTICLE III

### DISTRIBUTIONS ON THE SECURITIES

| | | |
|---|---|---|
| Section 3.01 | *Establishment of Accounts* | 6 |
| Section 3.02 | *Certificate and Class Factors.* | 7 |
| Section 3.03 | *Payments on the Trust Assets* | 8 |
| Section 3.04 | *Distributions on the Securities* | 8 |
| Section 3.05 | *Reconciliation Process* | 10 |
| Section 3.06 | *Determination of Interest Rate Indices.* | 11 |
| Section 3.07 | *Appointment of Information Agent.* | 13 |
| Section 3.08 | *Annual Reports* | 13 |
| Section 3.09 | *Operational Guidelines* | 13 |
| Section 3.10 | *Unavailability of Factor Information for Certain Trust Assets* | 13 |

### ARTICLE IV

### REPRESENTATIONS, WARRANTIES AND COVENANTS

| | | |
|---|---|---|
| Section 4.01 | *Representations and Warranties of the Sponsor* | 13 |
| Section 4.02 | *Representations and Warranties of the Trustee* | 14 |
| Section 4.03 | *Sponsor Breach; Repurchase Obligation; Substitution* | 15 |