UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SKULL VALLEY BAND OF GOSHUTE INDIANS OF UTAH, a federally recognized Native American Tribe; BOSTON MORTGAGE INVESTMENTS XIII, LLC, a Skull Valley Band of Goshutes' Tribal Limited Liability Company; BOSTON MORTGAGE INVESTMENTS XVI, LLC, a Skull Valley Band of Goshutes' Tribal Limited Liability Company; CRISPIN KOEHLER HOLDING III, LLC, a Skull Valley Band of Goshutes' Tribal Limited Liability Company; ESOPUS MORTGAGES, LLC, a Skull Valley Band of Goshutes' Tribal Limited Liability Company; FANCHER MORTGAGES, LLC, a Skull Valley Band of Goshutes' Tribal Limited Liability Company; HILER MORTGAGES, LLC, a Skull Valley Band of Goshutes' Tribal Limited Liability Company; KISMET MORTGAGES, LLC, a Skull Valley Band of Goshutes' Tribal Limited Liability Company; LANSING MORTGAGES, LLC, a Skull Valley Band of Goshutes' Tribal Limited Liability Company; REMSEN MORTGAGES, LLC, a Skull Valley Band of Goshutes' Tribal Limited Liability Company; SALEM MORTGAGES, LLC, a Skull Valley Band of Goshutes' Tribal Limited Liability Company; THORNWOOD MORTGAGES, LLC, a Skull Valley Band of Goshutes' Tribal Limited Liability Company; UPTON MORTGAGES, LLC, a Skull Valley Band of Goshutes' Tribal Limited Liability Company; VERNON MORTGAGES, LLC, a Skull Valley Band of Goshutes' Tribal Limited Liability Company; WINDHAM MORTGAGES, LLC, a Skull Valley Band of Goshutes' Tribal Limited Liability Company; XEBEC MORTGAGES, LLC, a Skull Valley Band of Goshutes' Tribal Limited Liability Company; and YORKSHIRE MORTGAGES, LLC, a Skull Valley Band of Goshutes' Tribal Limited Liability Company,

          Plaintiffs,

-against-

U.S. BANK NATIONAL ASSOCIATION,

          Defendant.

---

Case No. 1:20-cv-01704

**PROTECTIVE ORDER**

**PROTECTIVE ORDER**

WHEREAS, the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action (the "Action"):

1. Counsel for any party may designate any document or information, including documents or information disclosed in deposition testimony, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise sensitive non-public information. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

2. A disclosing party may, on the record of a deposition, or within thirty (30) days after receipt of the transcript of such deposition, designate any portion or portions of the deposition as "Confidential" under the terms of this Protective Order.

3. Discovery material designated "Confidential" shall be referred to herein as "Confidential Information."  No designation of Confidential Information (other than with respect to ESI) shall be effective unless there is placed on, or affixed to, the materials (in such manner as will not interfere with the legibility thereof) a "Confidential" stamp, sticker, mark, notice, or the equivalent (collectively, a "Stamp"), or, in the case of depositions, as set forth in Paragraph 2, above.  ESI designated as "Confidential" shall be so designated by including a "Confidential" notice on the production image or by affixing a Stamp with such notice to the medium

(including, but not limited to, tapes, CDs, DVDs and flash drives) on which the ESI is stored before copies are delivered to a receiving party. Printouts of any such ESI designated as Confidential Information shall be treated in accordance with the terms of this Protective Order. Notwithstanding the foregoing, Excel documents or any other type of electronically stored information produced in native format (together, "Natively Produced ESI") need not be produced using a means sufficient to ensure that every page of such document, when printed, contains the appropriate Stamp. Instead, the disclosing party shall use reasonable means to designate "Confidential" as appropriate, by (a) producing a TIFF placeholder image corresponding to the Natively Produced ESI that includes a "Confidential" Stamp; and (b) including "Confidential," as appropriate, on the label of the media or in the transmittal e-mail containing the Natively Produced ESI.

4. The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the Action.

5. In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

6. All documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

   a. The requesting party and counsel, their insurers, and counsel to their insurers;
   b. Employees of such counsel assigned to and necessary to assist in the litigation;

      c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;
      d. outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;
      e. as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;
      f. deponents and witnesses (and counsel for such deponents or witnesses) while being examined; and
      g. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

7. Before disclosing or displaying the Confidential Information to any person, counsel must:

      a. Inform the person of the confidential nature of the information or documents;
      b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and
      c. Require each such person to sign an agreement to be bound by this Order in the form attached hereto as the Undertaking Regarding Protective Order, which is Exhibit A (the "Undertaking").

8. The disclosure of a document or information without designating it as "Confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Order.

9. If a party inadvertently discloses Confidential Information, the party should immediately inform the other parties and take steps necessary to remediate the inadvertent disclosure. The party that disclosed the Confidential Information to a party or person not authorized under this Protective Order to receive such Confidential Information shall make commercially reasonable efforts to bind such person or party to the terms of this Protective Order; and shall, as soon as practicable, but in any event, no later than five (5) business days after discovery by counsel of record of such disclosure (a) inform such person of all the

provisions of this Protective Order; (b) request such person to execute the Undertaking; (c) make commercially reasonable efforts to retrieve all copies of the Confidential Information; and (d) notify the disclosing party in writing of the unauthorized disclosure and the identity of such person.  If such person executes the Undertaking, a copy of the executed Undertaking shall promptly be sent to the disclosing party.  The parties agree that irreparable harm may occur in the event of unauthorized disclosure of Confidential Information.  Accordingly, the parties shall be entitled to seek equitable relief, including specific performance, in the event of any unauthorized disclosure of Confidential Information.

10.     Nothing in this Protective Order shall be construed to limit any disclosing party's use or disclosure of its own produced documents or information that have been designated as Confidential pursuant to this Protective Order.  In addition, nothing in this Protective and Order shall prevent or in any way limit disclosure, use or dissemination of any discovery material that was, is, or becomes public knowledge, not in breach of this Protective Order.

11.     If, at any time, prior to such time as all Confidential Information is returned to the producing party or certified as destroyed, any discovery materials governed by this Protective Order are subpoenaed or requested by any court, administrative or legislative body, or by any other person or entity purporting to have authority to require the production thereof, the person to whom the subpoena or request is directed, to the extent permitted by law, shall, no later than five (5) business days after receiving such subpoena or request, give written notice to the disclosing party and include with such notice a copy of the subpoena or request.  If requested, the person to whom the subpoena or request is directed will make reasonable efforts to secure for the disclosing party a reasonable period of time in which the disclosing party may seek to quash, limit or object to the subpoena or request, or to move for any protection for the discovery

materials, before the person to whom the subpoena or request is directed takes any action to comply with the subpoena or request.

12. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. In the event the party who received PII experiences a data breach, it shall immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

13. Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

14. If a receiving person thereafter moves the Court for an order compelling production of the inadvertently produced documents or information, that motion shall be filed under seal, and shall not assert as a ground for entering such an order the mere fact of the inadvertent production. The disclosing person retains the burden of establishing the privileged or

protected nature of any inadvertently produced documents or information. Nothing in this Order shall limit the right of any party to request an *in camera review* of the inadvertently produced documents or information.

15. Notwithstanding the designation of information as "Confidential" in discovery, there is no presumption that such documents or information shall be filed with the Court under seal. The parties shall follow the Court's procedures for requests for filing under seal. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.  No party that receives Confidential Information is required personally to return or destroy Confidential Information that is stored, custodied or maintained externally by an e-discovery vendor.  Rather, such a party must obtain from the e-discovery vendor promptly and in no event later than 30 days after entry of final judgment no longer subject to further appeal) a certification that it has destroyed or returned all of the disclosing party's (or non-party's) Confidential Information and provide such certification to the disclosing party or non-party.

16. The parties agree that they shall meet and confer concerning the potential use of any Confidential Information at any hearing, trial, or any other court appearance in this Action not fewer than seven (7) business days prior to any such hearing, trial, or court appearance. Where a hearing, trial, or court appearance is scheduled on less than seven (7) business days notice, the parties agree that they shall meet and confer as soon as practicable after receiving notice of such schedule, but in any event, not fewer than two (2) business days in advance of the hearing, trial, or court appearance.  The use of Confidential Information at a hearing, trial, or

court appearance shall not cause such discovery material to lose its status as Confidential.  In the event that the action proceeds to trial by jury, the parties shall jointly seek guidance from the Court as to the handling of Confidential Information, including, but not limited to, redacting the "CONFIDENTIAL" Stamp provided for herein before such discovery materials are displayed to the jury or moved into evidence at trial.

17.     A party shall serve a copy of the Order simultaneously with any discovery request made to a non-party in this Action.  A non-party from whom documents or information are sought by a party to this Action may designate documents or information as Confidential Information pursuant to and consistent with the terms of this Order.  Under such circumstances, documents or information designated 'Confidential' by a non-party shall be afforded the same protections as documents or information so designated by a disclosing party, and all duties applicable to a disclosing party under this Order shall apply to a non-party designating documents or information Confidential Information.  All obligations applicable under this Protective Order to parties receiving Confidential Information shall apply to any party receiving Confidential Information from such non-party.

18.     After the termination of the Action (including after all appeals relating to the Action have been exhausted or the time to appeal has expired), this Protective Order shall continue to be binding upon the parties hereto, and upon all persons to whom Confidential Information has been disclosed or communicated for three (3) years unless otherwise agreed to by the parties or Court order, and this Court shall retain jurisdiction over the Parties for enforcement of this Protective Order.

19.     This Joint Stipulation and Protective Order may be changed or modified by the Court upon good cause shown.

**EXHIBIT A**
**UNDERTAKING REGARDING**
**PROTECTIVE ORDER**

I, _____, declare that:

1. I have received a copy of the Protective Order, entered on _____ (the "Order") in the action entitled *Skull Valley Band of Goshute Indians of Utah et al. v. U.S. Bank National Association*, No. 20-cv-1704 (S.D.N.Y.) (the "Action"), and I have read and understand its provisions.

2. I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Protective Order and will not use for purposes other than for the Action any information or materials designated "Confidential" that I receive in the Action, except as otherwise permitted under the terms of the Protective Order.

Dated: _____

_____

**O R D E R**

IT IS SO ORDERED.

DATED: November 25, 2020
        New York, New York

_____
J. PAUL OETKEN
United States District Judge